No. 8790.

### The State of Louisiana vs. Henry J. Brown.

The postponement of a criminal trial to the next day after that on which it is set, although it may occasion inconvenience to the counsel and expense to the parish, will not of itself prejudice the prisoner's rights, nor will the fact that a civil cause is put aside in order to take up the criminal trial affect the regularity or legality of the conviction.

The State has the right to ascertain the fact of a juror's fitness and impartiality by other than the stereotyped questions on the *voir dire*, and may interrogate the juror in such manner and form as will best serve to shew whether the juror has been subjected, knowingly or not, to influences that would unfit him for the discharge of his functions.

When the venue has been changed, the indictment must be transmitted to the court to which the cause has been removed and does not need to have stamped upon it the seal of the court from which it comes. If a trial is had and the judgment is set aside, the indictment remains in the court where the trial was had, and no more needs the seal of either court for the second trial than for the first. The new forum stands in the place of that in which the indictment was found, and as it would not need a seal if the trial had taken place in the latter court, so it does not in the other. The minutes of court, its orders, etc., cannot be sent up, and therefore must be copied, and the copy attested by a seal.

Counsel should not be permitted to re-argue the question after the court has decided it. Their remedy is by exception to the ruling.

APPEAL from the Twelfth District Court, Parish of Grant. *Barbin, J.*

*E. G. Hunter,* District Attorney, for the State, Appellee.

*M. Ryan, Robt. P. Hunter* and *Jno. C. Ryan* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   The defendant was indicted for murder in the District Court for Rapides, and on his application, the venue was changed to Grant.   The trial there resulted in a conviction of manslaughter and sentence to hard labor for ten years, which was reversed on appeal. State vs. Brown, 33 Ann. 1151.

His second trial had the same result, and this appeal is from the judgment then rendered.   The errors complained of are set forth in four bills of exception, which we will examine in their order:

1.   On the day for trial, the court deferred calling the case until 2 o'clock P. M., on the application of the prosecuting officer, the object being to give the witnesses (all of whom lived in Rapides) time to reach the courthouse.   At that hour, the witnesses not yet having arrived, the court granted attachments for them, and postponed the trial until the next day.   The ground of exception is that it was an unwarranted waste of time of the court, and an expense to the parish, to wait for the return of the attachments, and "both counsel for the accused notified the court that they had other important matters requiring their attention at home," and that they had attended on the day assigned for the trial of the defendant, and could not wait from day to day for the return of the attachments.

Any and all allegations of harm to the prisoner, resulting from this course, are conspicuously absent from the bill.   The time of the court may have been wasted, and the parish subjected to greater expense, and the counsel put to inconvenience, but all these together will not affect the regularity and legality of the trial.

2.   The trial was had on the next day, and a civil case was put aside, though the court was in the midst of hearing it, in order that this criminal trial might be speedily had.   The ground of exception here is that it was "irregular, illegal, and prejudicial to the defendant's rights and interests."

How, or in what respect prejudicial is not stated, nor can we divine it.   The course pursued was not illegal, and the irregularity was enforced by the clamor for a trial the day before.   On the first day, the prisoner excepted to a delay, imperatively demanded by the interests of the State, and on the day next following, complained that no further delay would be permitted.   A court cannot adapt its order of business to the varying moods of a prisoner.

3.   The district attorney, having interrogated one of the panel of jurors if he had formed and expressed an opinion, etc., then asked if

he had conversed about the case with Harvey Williamson—this person not being a witness or connected in any way with the case. The objection was that there could be but one purpose of the question, viz., to inferentially charge a corrupt combination between the prisoner and Williamson to influence jurors in advance of the trial, and thus to prejudice the jurors who were within hearing against the prisoner.

It is an inference of counsel that this was the object of the prosecuting officer in asking the question. He does not state what was his object, but it was competent for the State's attorney to ascertain, by examination of the person offered as a juror on his *voir dire*, in other questions than the stereotyped forms, whether the juror had been subjected, knowingly or unwittingly, to influences that would have unfitted him for the discharge of his functions.

4. That the indictment has not the seal of the Rapides court, and is therefore unauthenticated, and that the counsel for the prisoner, when making the objection, wanted to read the decision of this Court on the former appeal, but was prevented by the Judge.

The Judge corrects this statement, and certifies the fact to be that the prisoner's counsel argued the point and spoke until he was apparently through, and had turned away and walked off. The Judge then overruled the objection, and the counsel wanted to argue it over and to read the opinion of this Court, etc.

The Judge was right. Counsel should not be permitted to re-argue a question after the court has ruled upon it. If the ruling is wrong, the remedy was by exception, and that remedy was used.

The indictment needed no seal. It is an original, and the law is express that "the original indictment and other papers appertaining to the cause," with a copy of all orders, etc., shall be sent to the court to which the cause has been removed. Rev. Stats. Sec. 1024. The court of Grant parish no more needed a seal to the indictment to authenticate it than would the court of Rapides, had the case been tried there where the bill was found. The original papers must be transmitted from the one court to the other when the venue is changed. The minutes of the court, its orders, etc., must be copied, and the seal of the court must authenticate the certificate that they are correctly copied.

There is no error in the trial in the lower court, and its judgment is affirmed.