(82 South. 680)

No. 23477.

### STATE v. McLOFTON.

(June 30, 1919.)

*(Syllabus by Editorial Staff.)*

1. HOMICIDE ⬤⇒289 — INSTRUCTIONS—ISSUES.

In a homicide case, deceased being one who interfered when accused was attempting to kill another, court did not err in refusing to instruct that deceased had no right to be carrying concealed weapon at the time, where accused testified that his pistol went off accidentally when deceased grabbed it.

2. CRIMINAL LAW ⬤⇒726 — ARGUMENT OF COUNSEL.

A statement by district attorney to effect that attorney for defense had so veiled his argument as to admit that the best verdict he hoped to receive was one of manslaughter was not reversible error, being nothing more than an interpretation put upon the argument of the attorney for accused.

3. CRIMINAL LAW ⬤⇒726—REMARKS OF PROSECUTING ATTORNEY—ARGUMENT.

Where counsel for accused "ridiculed the meddlesome proclivities of the chief of police in the rôle of a prosecutor," because he "was present during the trial, going in and out, showing great activity, and himself testifying to material facts, and reporting constantly to the district attorney," an explanatory statement by district attorney that he himself had requested the services of the chief of police to assist him in connection with the evidence was not out of place.

4. CRIMINAL LAW ⬤⇒730(16)—HARMLESS ERROR—ARGUMENT OF COUNSEL.

Where counsel for accused "ridiculed the meddlesome proclivities of the chief of police in the rôle of a prosecutor," because he "was present during the trial, going in and out, showing great activity, and testifying to material facts, and reporting constantly to the district attorney," an explanatory statement of district attorney that he had requested his services during the trial to assist him in connection with the evidence, if improper, was harmless, where the judge immediately admonished the jury to disregard it and decide the case according to the law and the evidence.

5. CRIMINAL LAW ⬤⇒790—INSTRUCTIONS.

In a homicide case, it was not improper for the court to instruct "You are the judges of the law and evidence, but it is your duty to take the law from the court as charged to you," notwithstanding Const. art. 179.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Claude McLofton was convicted of manslaughter, and he appeals. Affirmed.

Lewell C. Butler, of Shreveport, for appellant.

A. V. Coco, Atty. Gen., and L. C. Blanchard, Dist. Atty. (Thomas W. Robertson, of Shreveport, of counsel), for the State.

PROVOSTY, J. The accused was tried for murder, and convicted of manslaughter, and was sentenced to a term of not less than 10 years and not more than 15 years in the penitentiary.

Because of an insult to his wife and an attempt upon her virtue, he sought out one Marsden, the offender, at the latter's store,

and while trying to kill him shot and killed one Phillips. Phillips had drawn a pistol to protect Marsden.

[1] Defendant requested the charge that Phillips was without right to be carrying a concealed weapon on that occasion, because even if he had such a right when on duty handling prisoners on the streets, he being an employé of the division of streets and parks of the city of Shreveport, he had no such right when merely visiting a friend at the friend's store as on the occasion in question.

Learned counsel for accused says that this requested charge was pertinent, because "one of the vital points for the jury's consideration was what right, if any, the deceased had to interfere in the efforts of accused to kill another man."

A sufficient reason assigned by the learned trial judge for refusing to give the charge was that the accused testified that his pistol went off accidentally when Phillips grabbed it. If so, the fact of Phillips having a pistol of his own and having drawn it was wholly immaterial.

[2] It seems that twice in the course of his argument "the district attorney stated most emphatically that the attorney for the defense had so veiled his argument as to admit that the best verdict he hoped to receive was one of manslaughter."

We can see in this nothing more than an interpretation put by the district attorney upon the argument of the attorney for accused.

[3, 4] In the course of his argument the counsel for accused "ridiculed the meddlesome proclivities of the chief of police in the rôle of a prosecutor," because the latter "was present during the trial, going in and out, showing great activity, and himself testifying to material facts, and reporting constantly to the district attorney." In explanation of this conduct of that officer, and to do away with any impression the said remarks of counsel might have made upon the jury, the district attorney in his closing argument stated to the jury that he himself "had requested the commissioner of public safety to let him have the services of the chief of police during the trial to assist him in connection with the evidence."

This activity of this officer was not a fact relevant to the issue of guilt or innocence, but merely something within view of the jury, out of which counsel sought to make capital. We do not see that the explanatory statement of the district attorney was out of place. But if it was, whatever harm it might otherwise have done was prevented by the immediate admonition of the judge to the jury to disregard it and decide the case according to the law and the evidence.

[5] Lastly, accused excepted to the charge:

"You are the judges of the law and evidence, but it is your duty to take the law from the court as charged to you."

The learned counsel argue that if the jury had not been thus required "to take the law from the court as charged," but had been left "judges of the law," as required by article 179 of the Constitution, the result of the trial would have been different.

The charge as thus given is the one which has been repeatedly approved by this court. State v. Desforges, 47 La. Ann. 1179, 17 South. 811; State v. Johnson, 30 La. Ann. 905; State v. Ford, 37 La. Ann. 465; State v. Cole, 38 La. Ann. 846; State v. Menard, 110 La. 1100, 35 South. 360.

Judgment affirmed.