53 So.2d 673

**STATE v. PATERNOSTRO.**

No. 40305.

June 29, 1951.

Girard J. Fernandez and Chandler C. Luzenberg, Jr., New Orleans, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Ass't. Atty. Gen., Severn T. Darden Dist. Atty., Matthews S. Braniff, Ass't. Dist. Atty., New Orleans, for appellee.

MOISE, Justice.

The defendant was convicted of having unlawful possession of a narcotic drug, to-

▰▰▰

wit, loose heroin. He was sentenced to serve three years at hard labor in the State Penitentiary. He has appealed.

The record discloses that there are three bills of exception taken to the ruling of the trial judge.

Bill of Exception No. 1 relates to the overruling of defendant's motion for a new trial, which is merely a resume of Bills Nos. 2 and 3, and is needless of consideration under this caption.

Bill of Exception No. 2 was taken and reserved because of the following factual circumstances:

The Assistant District Attorney in his opening statement declared that he would offer in evidence an oral confession. During the trial, evidence was taken outside of the presence of the jury to ascertain if the confession was voluntary. The court ruled that it was. The jury was brought back into the court. The evidence was reproduced before them.

While Officer Pershing Gervais was testifying as to the oral confession made by defendant, he was asked: "(Q) Officer, please tell the jury as best you can remember, what the defendant, Paternostro, told you when he was presented with that green package. (A) He admitted instantly that the package was his; that that was the very last of any stuff, as he called it, and he asked that we give him a break. He repeated it himself over and over. He stated that he was already in trouble. 'Give me a break.' "

■ The objection was urged to the Police Officer quoting the defendant at the time he made the confession, to-wit: that "* * * he was already in trouble." Defense counsel urged that the repetition of what the witness had said at the time of the arrest was placing his character at issue, which is not permissible unless defendant takes the stand. The Police Officer was not placing the accused's character at issue. He was quoting what the defendant said at the time of his arrest. Whether the confession is self-serving or incriminating, it is admissible under the law, not in part, but as a whole. "* * * Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford." LSA–R.S. 15:450. Bill of Exception No. 2 was, therefore, not well taken.

Bill of Exception No. 3 was reserved after the trial judge maintained defendant's objection to the remarks made by the Assistant District Attorney in his closing argument: that "the accused was selling a cut product to make more money out of it", although he refused defendant's motion for a mistrial, and instructed the jury to disregard the remarks (these instructions were repeated in the final charge to the jury).

■ According to the evidence received in the case and from which these deductions were drawn, we think that they were prop-

er. These facts, according to the Trial Judge's per curiam are substantially: that the narcotic squad of the police observed the defendant, that he threw a green package from the truck which he was driving, that the contents of the package were analyzed by John Danneker, Chemist of the City of New-Orleans, who testified that the material contained in the package was 21.3 grains of heroin, mixed with 105.78 grains of milk sugar, which increased the quantity of the powder to 127.08 grains.

Under the express provisions of the Code of Criminal Procedure "* * * Counsel may argue to the jury both the law and the evidence of the case, * * * (provided he refrains from any appeal to prejudice) * * *" Art. 381, LSA–RS 15:381, and counsel have the right to draw from the evidence received any conclusion warranted by such evidence.

Judgment affirmed.