165 So.2d 301

**STATE of Louisiana**

v.

**Andrew Q. SERCOVICH.**

No. 46891.

June 8, 1964.

G. Harrison Scott, Millard W. Clark, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Rudolph F. Becker III, Asst. Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

The defendant Sercovich, twenty-two years of age, was charged in one count of a bill of information with unlawful possession of nine marijuana cigarettes and in a second count with unlawful sale of nine marijuana cigarettes to Merlin Flair, who was over twenty-one years of age. (LSA–R.S. 40:961.)

The defendant's entire case was based on a sympathy defense, which the trial court likened to a confession in avoidance. Both the attorneys for the defendant and the defendant himself conceded that the defendant had possession and made the sale of marijuana cigarettes.

The jury returned a verdict of guilty as charged on both counts, and the defendant was then sentenced to ten years in the penitentiary at hard labor on the second count of sale, with a like-five-year concurrent sentence on the first count of possession.

This appeal involves nine bills of exceptions reserved by defendant's counsel.

The first bill of exceptions was reserved when the trial judge overruled the defense's objection to a question asked of a prospective juror by the prosecuting attorney on voir dire. The question, "Do you believe that you could judge the case on the facts alone without reverting to sympathy?", was objected to on the ground that a juror can return a verdict of guilty of attempt, even though all of the facts (showing commission of the crime charged) have been proven beyond a reasonable doubt. In other words, the defense maintains that the jury may, on the basis of sympathy, return the lesser verdict of attempt even though the facts warrant a more severe verdict.

The argument continues that the quoted question creates a clear implication that any verdict influenced by sympathy would be tainted and immoral, if not actually criminal, and would deprive the prospective juror, as the trier of fact, of the choice the law gives him to return the lesser verdict of attempt.

The trial judge overruled this objection, being of the opinion that the question did not tend to commit the juror in advance to a verdict and it was within the latitude afforded parties so that they might intelligently exercise their peremptory challenges.

We are of the opinion that this ruling was correct and Bill of Exceptions Number 1 is without merit.

It is true that an attempt is a lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears at the trial that the crime intended or attempted was actually perpetrated by such person. La.Crim.Code, art. 27, LSA–R.S. 14:27. We fail to see how the question propounded illegally destroys this defense in the mind of the juror. On the contrary, the State's attorney has a clear right to examine the juror on whether he will render a verdict according to the law and the evidence, as jurors are sworn to do. La.Code Crim. Proc. art. 361, LSA–R.S. 15:361. The State's attorney would most certainly be persuaded to challenge this juror either peremptorily, or for cause, should he answer that sympathy would be the most persuasive factor in this case, regardless of the evidence. So the district attorney should be entitled to ascertain this state of the juror's mind, if it were such, in order that the State may challenge such an obnoxious juror and also have a fair trial in the matter.

The right of peremptory challenge is a substantial right, and its free exercise should be permitted. It includes the right to have prospective jurors sworn on their voir dire, and to subject them to such examina-

tion as will enable the challenging party to exercise the right intelligently. LSA–Const. 1921, art. 1, § 10; Code Crim.Proc. art. 354, LSA–R.S. 15:354; State v. Newton, 241 La. 261, 128 So.2d 651 (1961), cert. denied 368 U.S. 869, 82 S.Ct. 111, 7 L.Ed.2d 66 (1961); State v. Henry, 196 La. 217, 235, 198 So. 910 (1940). The court may not interfere with the free exercise of these rights by the defense, State v. Henry, supra, and it quite logically follows, in all fairness, that the State's attorney should be granted the same latitude in his examination of prospective jurors. La.Const. of 1921, art. 1 § 10; La. Code Crim.Proc. art. 354; State v. Elmore, 179 La. 1057, 155 So. 896 (1934); cf. State v. Sandiford, 149 La. 933, 90 So. 261 (1921).

■ In order to ascertain a juror's fitness and impartiality, the State is not restricted to stereotyped questions, but may interrogate him in such manner and form as will best serve to show whether he has been subjected, knowingly or not, to influences that would unfit him for the discharge of his functions. State v. Brown, 35 La.Ann. 340 (1883); Marr's, Criminal Jurisprudence of Louisiana, Vol. 1, Sec. 453 (2nd ed.1923).

Bills of Exceptions Numbers 2 and 3 are founded upon objections to certain portions of the opening statement of the prosecution which were claimed by the defense to be highly prejudicial, inflammatory and de-signed to incite the reprehension of the jurors.

In that portion of the opening statement complained of, the prosecutor said,

"Lady and Gentlemen, the State in presenting its case will show that on April 11th, 1962, one Sgt. Merlin Flair of the Louisiana State Police, acting in an undercover capacity, approached the corner of S. Lopez and Cleveland Streets in the City of New Orleans. It was known that there was heavy activity of narcotic traffic being carried on in this location at this corner which is around Warren Easton High School, Sacred Heart School and Howard Elementary School and this corner, this location, had been under surveillance for the prior two weeks before April 11th, 1962. Sgt. Flair upon approaching the corner of S. Lopez and Cleveland Street noticed several white males standing on the corner. He further noticed that one white male, later learned to be one John Neumeyer, appeared loaded on narcotics."

\* \* \* \* \*

"Upon being introduced to this man, John Neumeyer, Sgt. Flair, in an undercover capacity at that time, asked Neumeyer what he was holding, a term which is known by narcotic addicts to mean 'what type of narcotics do you have; what type of narcotics are you using.' And a conversation ensued be-

tween Neumeyer and Sgt. Flair. From information gained \* \* \*."

The defense argues that the prosecutor's reference to a heavy volume of narcotics activity in the vicinity of certain named schools makes it obvious that this would suggest to the jury that the defendant was implicated in sales of narcotics to juveniles. Then, the reference to Neumeyer as one who "appeared loaded on narcotics"; and the dialogue between the undercover agent and Neumeyer: "What are you holding?", with the translation by the prosecutor: "What type of narcotics do you have; what type of narcotics are you using?", the defense contends, is an innuendo directed to the jury for the purpose of making the defendant guilty by association.

The defendant's objection to the opening statement as a whole and the particular objections to the quoted portions were overruled by the trial judge, who instructed the jury not to consider the opening statement as proving anything and to consider only the evidence and the testimony of sworn witnesses who appeared on the stand.

■■■ Inasmuch as the accused took the stand and admitted the possession and sale of the marijuana cigarettes, and, because the location near the schools referred to in the quoted statement was shown by the evidence to be the locale of the activities of the accused, there was no error in referring to that location. Furthermore, the judge's

■■■

timely instructions to the jury not to consider the statement as evidence cured any error resulting from a reference to the schools. State v. Alleman, 218 La. 821, 51 So.2d 83 (1951); State v. Brown, 166 La. 43, 116 So. 588 (1928). Additionally, we agree with the contention of the prosecuting attorney that the statements objected to, and the evidence substantiating them, are clearly relevant and admissible as part of the res gestae.

■■■ In this State the doctrine of res gestae is broad and includes not only spontaneous utterances and declarations made before and after the commission of a crime, but also includes testimony of witnesses and police officers pertaining to what they heard or observed before, during or after the commission of the crime, if a continuous chain of events is evident under the circumstances. State v. Forsythe, 243 La. 460, 144 So.2d 536 (1962); State v. Bailey, 233 La. 40, 96 So.2d 34, 69 A.L.R.2d 340 (1957).

Bills Numbers 2 and 3 are therefore without merit.

■■■ Bill of Exceptions Number 4 was reserved by the defendant when the trial judge refused to give the jury the following special requested charges:

"Requested Charge No. 1: I charge you that under the Constitution of Louisiana you are the judges of the law in this case and that while it is my

duty to charge you as to what the law is, you must nevertheless decide yourselves what the law is even if your decision as to the law is contrary to what I charge you it is.

"Requested Charge No. 2: I charge you that your oath as jurors requires you to determine the innocence or guilt of the defendant according to the law; but that oath does not bind you to follow the law as I give it to you. What your oath means is that you must decide the case according to the law as you, as judges of the law, decide what the law is.

"Requested Charge No. 3: I charge you that if you think the law is different from what I charge you it is, you must follow your own thoughts, since to apply the law as I charge you it is, if you think differently would be a violation of your duty under the Constitution and of your oath as a juror."

In his brief defense counsel argues (without conceding that the giving of the requested charges would have cured the prejudicial effect of the prosecutor's "facts alone" query referred to in Bill of Exceptions No. 1) that the refusal to give the requested charges was prejudicial error per se, and the prejudicial effect of the refusal was aggravated by the jury's previous exposure to the prosecutor's "facts alone" interrogatory.

He contends that the jury has the power and the right to disregard the judge's charges on the law, and they should have been charged to that effect.

We cannot agree with this contention. The constitution of this State provides that, "The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge." La.Const. 1921, art. 19 § 9. This rule of law is stated again in the Code of Criminal Procedure in Articles 383 and 385, LSA-R.S. 15:383, 15:385. Specifically, the point which concerns us here is set out in Article 385 providing that, "The judge shall charge the jury on the law applicable to the case and shall charge the jury that it is their duty to accept and to apply the law as laid down for them by the judge."

All of the requested charges are contrary to the mandate of Article 385, supra, for the judge cannot in one breath comply with the constitution and Article 385 and charge the jury that it is "their duty to accept and to apply the law as laid down for them by the judge", and in another breath charge them that they may disregard the judge's version of the law and decide for themselves what the law is.

The jurors are not the unqualified and sole judges of the law and to tell them they are such, without explaining the modifica-

tions of that constitutional grant of power, would produce a state of mind in the jury incompatible with their duty and responsibility. The duty of the jury is to receive the law from the judge. They cannot rightly disregard the instructions of the court on the law any more than they can return a verdict of guilty without any proof whatsoever of the crime charged.

Chief Justice Manning made this point clear long ago in his concurring opinion in State v. Johnson, 30 La.Ann. 904 (1878), when he said:

"The jury can not determine the law, or decide what is the law, or judge of the law, in any cause, except only in so far as the question of law is a component part, as it always is, of a general verdict. For example—the question of guilt in a criminal prosecution is compounded of two ingredients, 1. did the accused commit the act, and that is a matter of fact, 2. is the act thus done a criminal offence, and that is matter of law. When the jury return a general verdict, they have necessarily passed upon the question of law, as well as upon the question of fact. But that is not what juries understand a judge to mean, when he tells them they are judges of the law as well as of the facts; nor is that what juries understand a judge to mean, when he tells them they have

the power to decide the law in a given case; and therefore to tell them that, and nothing else, misleads them."

And so in the case at bar the requested charges would be misleading and were incorrect. It was proper for the judge to refuse them. Code Crim.Proc. art. 390, LSA–R.S. 15:390; State v. McLofton, 145 La. 499, 82 So. 680 (1919); State v. Powell, 109 La. 727, 33 So. 748 (1903); State v. Spencer, 45 La.Ann. 1, 12 So. 135 (1893).

*Bill of Exceptions Number 5*

When the prosecuting attorney, making his final argument to the jury, said, "Those cigarettes were there for a purpose. You must presume they were there for a sale.", defense counsel moved for a mistrial on the ground that the district attorney was "saying that the jury must presume from what he says that this man had those cigarettes before and had them there for a sale. I say that is incorrect." The court sustained the objection made by the defense and immediately admonished the jury to disregard the statement. The motion for a mistrial was denied and Bill of Exceptions Number 5 was reserved.

 Article 382 of the Code of Criminal Procedure, LSA–R.S. 15:382 allows counsel the right in arguing the case to the jury to draw from the evidence received any conclusion which to him may

seem fit. Although it is generally considered to be erroneous for the prosecuting attorney to declare his individual opinion or belief that the accused is guilty when the accusation is made in such a manner that the jury may understand that the prosecutor's belief is based on evidence dehors the record, such an opinion is permissible if the prosecutor states, or it is apparent, that his opinion is based on the evidence of record. State v. Cortex, 241 La. 610, 129 So.2d 792 (1961); State v. Hills, 241 La. 345, 129 So.2d 12 (1961); State v. Paternostro, 219 La. 563, 53 So.2d 673 (1951); State v. Peyton, 194 La. 681, 194 So. 715 (1940); State v. Frazier, 165 La. 758, 116 So. 176 (1928); State v. Horton, 151 La. 683, 92 So. 298 (1922). See also State v. Maney, 242 La. 223, 135 So.2d 473 (1961); State v. Kelly, 237 La. 991, 112 So.2d 687 (1959).

We learn from the per curiam, the bills of exceptions and defense counsel's brief that the State introduced in evidence marijuana cigarettes which the accused had allegedly sold to the undercover agent. Furthermore, the accused took the stand and admitted that he had sold these marijuana cigarettes as charged. Therefore, when the prosecuting attorney in his closing argument, referring to some of the cigarettes in evidence, told the jury, "You must presume they were there for sale", he was making a reasonable inference from the evidence of record and his statement was proper under Article 382 and the jurisprudence of this court.

There is no merit in this bill.

*Bill of Exceptions Number 6*

This bill centers around the following statement of the prosecuting attorney during his closing or rebuttal argument sanctioned by Article 380 of the Code of Criminal Procedure, LSA–R.S. 15:380. At that time he said, "I think the sale of narcotics is the most reprehensible and abominable. * * * "

Defense counsel objected to this language and asked for a mistrial. He argues that the prosecuting attorney was making a personal comment on the crime involved. The trial judge directed the jury to disregard the statement complained of and denied the request for a mistrial, to which ruling this bill was reserved.

The prosecutor, to uphold his action, relies upon the principle of law that it is not an improper appeal to the sympathies and prejudices of the jurors for him to denounce crime in strong terms, or point out its gravity, heinousness, and evil consequences, citing 23A C.J.S. Criminal Law, § 1105, in support of his position.

In State v. Jordan, 151 La. 293, 91 So. 740 (1922), this court said, "There can be no harm in the district attorney reminding

the jury of the heinousness of murder; and impressing the reminder by some object lesson * * *." But more pertinent to our present problem is the case of United States v. Ramos, 268 F.2d 878 (2d Cir. 1959), wherein the accused was charged with the sale of narcotics. There the court found no error in the prosecutor's statement during his summation that traffic in narcotics is "a dirty business", a "vicious business", a "sneaky business", "a vicious racket", and his reference to the purchase price of three ounces of heroin as "representing $1,265 worth of human degradation."

At this point we recall again the fact that the main plea of the defendant was one of sympathy, for he took the stand and admitted the facts necessary to constitute the crime with which he was charged. Under these circumstances, we find no impropriety in the prosecutor's statement as it was obviously made to mitigate any prejudice against the State resulting from the plea for sympathy advanced by a 22-year old defendant.

Within reasonable limits, there is no error when the prosecutor in such a case emphasizes the importance of the case by stressing the unsavory nature and degrading social consequences of illicit traffic in narcotics—consequences far more serious than the bulk of crimes denounced by this State. United States v. Ramos, supra.

### Bill of Exceptions Number 7

This bill was also reserved during the final argument of the prosecuting attorney. Defense counsel objected and asked for a mistrial when the State's attorney said: "Apply the facts; apply the law, the written law, black and white, and in so doing you will have no choice but to return a verdict of guilty as charged as to sale and as to possession. * * *" The basis of the objection was that "for any reason at all the jury can return a lesser verdict" and to argue otherwise constitutes error on the part of the prosecutor. When the court overruled the motion for a mistrial, this bill was reserved.

In his per curiam the trial judge expressed the opinion that the statement of the prosecutor was an erroneous statement of the law, but, because the jury was fully instructed by the court as to the applicable law, no prejudice resulted to the accused. As authority for this ruling, the trial judge relies on State v. Farris, 146 La. 523, 83 So. 791 (1920), in which the prosecutor in his closing argument said: "Gentlemen of the jury, under the accused's own statement you cannot, under the sanctity of your solemn oath, bring in any other verdict except, 'Guilty as charged.'" This court said that statement was nothing more than an erroneous statement of the law, which was not reversible error, for it was the duty of

the court to give the jury the law of the case. We agree with the trial judge in this ruling.

The statement complained of is also proper under Article 382 of the Code of Criminal Procedure, which allows counsel the right in arguing his case to the jury to draw from the evidence any conclusion which to him may seem fit. For this court has held that the district attorney has a right to express his opinion on the strength of the evidence adduced and to contend that the defendant was guilty beyond a reasonable doubt, State v. Dreher, 166 La. 924, 118 So. 85 (1928), and that it is proper for the district attorney to say to the jury that "under the evidence the verdict was demanded," State v. Reeves, 129 La. 714, 56 So. 648 (1911).

The defense filed a motion for a new trial and a motion in arrest of judgment, both of which were denied and to which ruling Bills of Exceptions Numbers 8 and 9 were reserved.

These motions were based upon the bills of exceptions which we have heretofore considered in detail and, hence, present nothing new. The same reasons assigned in connection with the foregoing bills are applicable here.

The conviction and sentence are affirmed.