SANDERS, Chief Justice.
After a jury trial, James Earl Hunter was convicted of having robbed Elmer Beatty while armed with a knife, a violation of LSA-R.S. 14:64. Subsequently, the State charged defendant as a multiple offender; he was found to be a triple offender, given credit for time served, and sentenced to serve forty-nine and one-half years at hard labor, without benefit of parole, probation, or suspension of sentence. Pursuant to a request from this Court, defense counsel has filed two assignments of error, upon which defendant relies for reversal of his conviction and sentence on appeal.
*144 ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred when it permitted United States Marshal Messa to testify that Elmer Beatty, the victim, told him that he had been robbed by a black subject. Defendant objected that this statement was hearsay, and the trial court overruled his objection.
The trial court properly overruled defendant’s objection, ruling that the statement formed part of the res gestae of the crime and was, therefore, not subject to the hearsay rule.
LSA-R.S. 15:447 and LSA-R.S. 15:448 define res gestae as follows:
“Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.”
“To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.”
The res gestae doctrine in Louisiana is broad and includes statements of those involved in a crime immediately before, during, or immediately after the commission of the crime. LSA-R.S. 15:447 and 15:448; State v. Batiste, La., 318 So.2d 27 (1975); State v. Morgan, La., 296 So.2d 286 (1974); State v. Edwards, La., 287 So.2d 518 (1973); State v. Curry, 263 La. 997, 270 So.2d 484 (1972); State v. Sercovich, 246 La. 503, 165 So.2d 301 (1964). A victim’s spontaneous statement immediately after the crime, in the excitement of the occasion, is generally part of the res gestae. State v. Edwards, supra. Such a statement is sometimes referred to as excited utterance. See Pugh, Louisiana Evidence Law, p. 506 (1974); Comment, Excited Utterances and Present Sense Impressions as Exceptions to the Hearsay Rule in Louisiana, 29 La.L.Rev. 661 (1969).
The contested statement was made by the victim to a federal Marshal within a few seconds after he had been robbed and while he was still pursuing the culprit. Clearly, the statement was part of the res gestae.
Assignment of Error No. 1 is without merit.
ASSIGNMENT OF ERROR NO. 2
Here, defendant alleges that the State failed to lay a proper foundation for the introduction of physical evidence: (1) the butcher knife with which defendant was armed; and (2) the wallet taken from the victim.
Defendant argues that the foundation was deficient because the State failed to show that the two items had a connection to the defendant.
The trial court properly overruled defendant’s objection and admitted the knife and wallet into evidence.
To admit physical evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case; or it can be by a chain of custody, that is, by testimony establishing the custody of the object from the time it was seized to the time it is offered in evidence. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971). For admission, it suffices if the evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. State v. Drake, La., 319 So.2d 427 (1975); State v. Freeman, La., 306 So.2d 703 (1975); State v. Dotson, supra.
In the present case, two United States Marshals, who observed defendant and victim struggling, testified: that they saw defendant running after the commis *145 sion of the offense with the victim pursuing him; that defendant dropped two objects while one of the Marshals was pursuing him; and that the two objects retrieved were a butcher knife and a wallet. The Marshals testified that the wallet admitted into evidence was the same wallet retrieved and later given to the police. The victim identified the wallet as the one taken from him. The Marshals and victim also testified that the knife was similar to the one used in the robbery and dropped by the defendant. A New Orleans police officer identified the knife as the one given to him by the Marshals at the scene from his initials and the date on the attached evidence tag.
Clearly, sufficient connexity was shown for admission. The jury, of course, had the responsibility of determining the weight to be given to the evidence.
Assignment of Error No. 2 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.