395 So.2d 695 (1981)
STATE of Louisiana
v.
Gregory SAYLES.
No. 80-KA-1577.
Supreme Court of Louisiana.
March 2, 1981.
*696 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David Paddison, William R. Campbell, Jr., Louise Korns, Asst. Dist. Attys., for plaintiff-appellee.
William O'Hara, III, Supervising Atty., Susan Adams, Student Practitioner, Loyola Law School Clinic, New Orleans, for defendant-appellant.
DIXON, Chief Justice.
Gregory Sayles was convicted of simple burglary of a pharmacy, R.S. 14:62.1, and sentenced to three years in the custody of the Department of Corrections. In this appeal he relies upon two assignments of error. Because neither assignment has merit, we affirm his conviction and sentence.
At midnight on September 25, 1979, a silent burglar alarm was triggered at the Crescent Drug Store in New Orleans. When the police soon arrived, they saw a ladder leaning against the building and heard footsteps on the roof. One of the officers, Roussere, shined his flashlight up at the roof and saw a man. The man hesitated a second then disappeared from view. One of the burglars, Kim Robinson, was captured after he had jumped down from the roof and crawled under a nearby house. George Ferrand, who was standing on the corner, was arrested because the officers thought they saw him give hand signals to the burglars. Sayles walked up moments later ostensibly to bring Ferrand's wallet to him. He was arrested by Roussere who announced that Sayles was the man he had seen earlier on the roof.

Assignment of Error No. 1
By this assignment of error, the defendant contends that the state should not have been allowed to introduce into evidence the shirt he was wearing the night of the burglary. The shirt had been taken from him because it contained traces of white powder similar to the sheetrock dust strewn about the floor of the pharmacy when the burglars knocked in the skylight. The shirt, still bearing remnants of the powder, was introduced at trial.
Defendant points out that the state, in its answer to defendant's discovery motion, did not announce its intent to use this evidence. Thus, the state breached its duty to inform. It is true that a party's failure to disclose can lead to exclusion of that evidence at trial. C.Cr.P. 729.5. However, *697 in the instant case, defense counsel specifically told the judge that he had no objections. His failure to object when the evidence's introduction was sought precludes our review on appeal. C.Cr.P. 841.
Defendant argues alternatively that the trial judge erred in allowing the officers to testify that the powder on defendant's shirt looked like the sheetrock dust found in the pharmacy. He asserts that these officers were not qualified to render opinions on the nature of the powder found on the defendant's shirt.
While it is generally true that a lay witness can testify only as to facts within his knowledge, R.S. 15:463, a witness is permitted to draw reasonable inferences from personal observation. State v. Williams, 353 So.2d 1299 (La.1977). The officers in the instant case, having observed both the powder on the defendant's clothing and the sheetrock dust in the pharmacy, could state that the two substances were similar. We cannot say that the similarity of the substances is a question "involving a knowledge obtained only by means of a special training or experience ..." R.S. 15:464.
This assignment of error lacks merit.

Assignment of Error No. 2
By this assignment of error, the defendant complains of three remarks by the prosecutor during closing argument. The defendant contends that these remarks exceeded the permissible scope of argument and were so inflammatory that his conviction should be reversed.
The scope of argument is defined in C.Cr.P. 774, which provides in part:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice."
In order to overturn a conviction because of improper prosecutorial argument, this court must be convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Lee, 340 So.2d 180 (La.1976); State v. Jackson, 227 La. 642, 80 So.2d 105 (1955).
All three of the allegedly improper statements concern Kim Robinson. Robinson and Sayles were jointly charged by bill of information with the burglary. On the morning of defendant's trial, Robinson pleaded guilty and was sentenced to three years. Robinson then testified at Sayles' trial as a defense witness. He stated that his accomplice was a man named Eric, Jr., and not Sayles.
The first remark is permissible argument. The prosecution implied that, since Robinson was already convicted and sentenced, he had nothing to lose by testifying on Sayles' behalf.[1] The prosecutor implied that Robinson lacked credibility for reasons appearing in the record. Argument on the credibility of a witness is proper where the facts bearing on the witness' credibility appear in the record. State v. Procell, 365 So.2d 484 (La.1978), cert. denied 441 U.S. 944, 99 S.Ct. 2164, 60 L.Ed.2d 1046 (1979); State v. May, 339 So.2d 764 (La. 1976); State v. West, 319 So.2d 901 (La. 1975).
The defendant's second objection concerns the following statement made by the prosecutor during rebuttal argument:
"... Kim Robinson was represented by a lawyer, a very capable lawyer. That lawyer has the same duty and standards that I'm bound by in this profession and Mr. O'Hara is bound by in this profession. Is he here? Did he ever say anything about him not pulling the crime?"
This statement is cryptic and confusing. Robinson had admitted on cross-examination that he had not told anyonehis attorney *698 includedof Sayles' innocence, thus highlighting the possibility that Robinson's testimony at trail was a recent fabrication. The desired inference from the complained of statement appears to be analogous: Robinson ought not be believed because he has never told anyone of Sayles' innocence until today. The reasoning of the prosecutor's statement is circuitous: if Robinson is telling the truth, then certainly he would have informed his own attorney, who would have had a duty to come forward with the exonerating information. Since that attorney did not testify in Sayles' defense, then Robinson never told his attorney this story before and must be lying now.
Of course, since Robinson testified that he never told his attorney of Sayles' innocence, the prosecutor's "reasoning" is based upon a hypothetical specifically contradicted by the record. Furthermore, Robinson's attorney might not have been free to disclose his client's communication because of the attorney-client privilege. R.S. 15:475. The prosecutor's argument, if we understand it, was improper because it relied upon erroneous facts and law.
Nevertheless, this court is not convinced that the prosecutor's remark either influenced the jury or contributed to the verdict, even assuming the jury got the impression that Robinson's attorney had a duty to reveal what Robinson had told him. If the jury believed that Robinson had previously informed his attorney of Sayles' innocence, then this prior consistent statement would have bolstered Robinson's credibility by denouncing the state's accusation that Robinson's testimony at trial was a recent fabrication. R.S. 15:497. On the other hand, if the jury believed that Robinson had never commented to his attorney about Sayles' involvement, then their belief would be consistent with Robinson's testimony at trial.
We disapprove of the prosecutor's remarks about Robinson's attorney, but we cannot reverse Sayles' conviction on account of these cryptic and confusing statements, for we do not believe that they could have influenced the jury or contributed to the verdict.
During the state's rebuttal argument, defense counsel objected to a remark as exceeding the proper scope of rebuttal, which is "confined to answering the argument of the defendant." C.Cr.P. 774. We have not, however, been furnished a transcript of defense counsel's closing argument. In brief, defense counsel has sought to furnish new grounds for the objection. It is alleged that the prosecutor was stating his personal belief of the defendant's guilt. We do not agree. When the prosecutor stated that Sayles "did it with Kim Robinson," he was stating his conclusion of fact based on the evidence in the record. State v. Sercovich, 246 La. 503, 165 So.2d 301 (1964).
For the foregoing reasons, the conviction and sentence are affirmed.
CALOGERO, J., dissents.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
The prosecutor in closing argument commented on defendant's failure to produce Robinson's lawyer and suggested that the lawyer had a duty to testify as to what Robinson told him about defendant's participation in the crime.[1]
C.Cr.P. art. 774 permits the prosecutor's closing argument to refer to "evidence submitted," *699 to the "lack of evidence", and to "conclusions of fact" which may be drawn from the evidence and lack of evidence. By use of the term "evidence," the article obviously assumes the proper admissibility of the evidence. Here, the prosecutor's comments were not directed to admissible evidence or the lack of admissible evidence.[2]
The comment by the prosecutor was clearly improper and extremely prejudicial. Since the average lay person is not familiar with the duty of a lawyer under such circumstances, the comment was not only irrelevant, but also misleading. Significantly, the comment could easily have been construed as indicating that the lawyer had a duty to come forward and exonerate defendant, whereas in fact the lawyer could not have testified unless his client waived the attorney-client privilege. Thus, the prosecutor argued a fact outside the record (the lawyer's duty) and argued it inaccurately.
The very reason the code limits closing argument to relevant comments is because countless inferences might improperly be drawn from irrelevant remarks. Since the conviction was based on identification consisting of a momentary observation at a distance by the light of a flashlight and on circumstantial evidence of white powder on defendant's clothing at his arrest, the irrelevant and improper comment cannot fairly be disregarded as harmless error.
Furthermore, later in closing argument, the prosecutor asked the jury not to be misled by Robinson's testimony, arguing:
"(Defendant) did it with Kim Robinson. This is the oldest trick in the book."
Again the prosecutor stepped outside the realm of the properly admitted evidence in arguing to the jury. By referring to Robinson's testimony as the "oldest trick in the book," he implied a knowledge of a pattern of such exonerating testimony which was not (and could not have been) admitted. This type of argument is similar to one which implies knowledge of inculpatory facts beyond those introduced in evidence, and such arguments have formed the basis of past reversals of convictions. See State v. Hamilton, 356 So.2d 1360 (La.1978); State v. Harrison, 367 So.2d 1 (La.1979).
The real issue was the credibility of Robinson's testimony, and while the prosecutor could properly comment on Robinson's motivation, the comment he did make was improper. The comment, standing alone, probably would not constitute reversible error, but it became significant when combined with the earlier improper and highly prejudicial reference to the failure of Robinson's lawyer to perform his duty and reveal what Robinson had told his regarding defendant's participation in the case. The type of comments made in this case, referring to failure to produce evidence protected by the attorney-client privilege and to a knowledge of facts not offered in evidence, should not be ignored.[3] Although the evidence presented was sufficient to support defendant's conviction, a fair trial takes place only when sufficient evidence is presented to a jury which has not been exposed to prejudicial evidence or argument. Defendant did not receive a fair trial in this case.
NOTES
[1] The prosecutor stated:

"Kim Robinson, who incidentally pled guilty this morning. Kim got sentenced this morning, too, to three years. Now, isn't that funny? He can say anything and there's nothing anybody can do to him. Nothing. He's been sentenced already. Now, isn't that interesting? ..."
[1] The closing argument was not transcribed in its entirety. However, that part of the argument which led up to the objection was transcribed as follows:

"BY MR. PADDISON:
"Kim Robinson was represented by a lawyer, a very capable lawyer. That lawyer has the same duty and standards that I'm bound by in this profession and Mr. O'Hara is bound by in this profession. Is he here? Did he ever say anything about him not pulling the crime?"
"BY MR. O'HARA:
"I'll object to that, Your Honor. That is highly improper, totally beyond the scope of the case, tremendously beyond the scope of the rebuttal and absolutely improper."
"BY THE COURT:
"Objection overruled."
[2] Because of R.S. 15:475 any communication made by Robinson to his attorney, or for that matter any information obtained by the attorney as a result of the attorney-client relationship, was privileged, and the attorney could not disclose the communication or information without the client's express waiver of that privilege. This court has previously criticized efforts to place before the jury the invocation of the privilege. See State v. Berry, 324 So.2d 822 (La.1975); State v. Duhon, 332 So.2d 245 (La. 1976). See also American Bar Association Standards of Criminal Justice, Relating to the Prosecutor's Function, Standard 5.7(c).

Although the prosecutor in this case did not explicitly refer to invocation of privilege, his argument was improper for similar reasons. Neither the prosecution nor the defendant would have been permitted to prove what the witness (Robinson) said to his own attorney, and the prosecutor should not have implied that this evidence was admissible and available to the defendant. The fact that the privileged communication was that of a witness and not of a party is not controlling.
[3] As noted in State v. Michelli, 301 So.2d 577 (La.1974), mere warnings of error by this court are often ignored, and the failure to reverse frequently prompts repetition of the error.