464 So.2d 969 (1985)
STATE of Louisiana
v.
Melvin POCHE.
No. KA-1834.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*970 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Before SCHOTT, BYRNES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant was charged with and convicted of a violation of LSA-R.S. 40:967(A), relative to the offense of possession of pentazocine with intent to distribute. He was sentenced to serve seven years at hard labor. It is from this conviction and sentence that the defendant has appealed.
The defense has asked this court to examine the record for errors patent. The record reflects that the trial court imposed an illegal sentence. The pertinent sentencing provisions are found in LSA-R.S. 40:967(B) and state:
Except as provided in Subsection F hereof, any person who violates Subsection A with respect to:
Pentazocine shall be sentenced to imprisonment at hard labor for not less than four years nor more than ten years, without benefit of parole, probation, or suspension of sentence; and, in addition, may be sentenced to pay a fine of not more than fifteen thousand dollars.
The trial court failed to provide that the defendant's sentence must be served without benefit of parole, probation or suspension of sentence. This error was not, however, raised by the prosecution in the trial court. Because the defendant alone is seeking appellate review, the prosecution did not raise the issue in the trial court, and the patent error is favorable to defendant, we will ignore the error. State v. Jackson, 452 So.2d 682 (La.1984).
Although not alleged as an assignment of error, the sufficiency of the evidence to support defendant's conviction must be reviewed in accordance with State v. Raymo, 419 So.2d 858 (La.1982). In cases where direct evidence was used to prove the defendant's guilt, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
In the present case, the evidence, when viewed in the light most favorable to the prosecution, established that the defendant reached inside a hole in the wall and removed a white object which he exchanged for paper currency. A search of the hole revealed an identical white object which contained six sets of talwin and pyribenzamine. This evidence is sufficient to support the conviction.
The defendant has filed a pro se brief in which he cites four assignments of error. In his first assignment of error, the defendant argues that his conviction must be reversed as it was based on inadmissible opinion testimony. During the trial of this matter, the police who had observed the instant drug transaction testified that they saw a third party approach the defendant and give him what "appeared" to be money and, further, that the defendant then retrieved, from a hole in a nearby wall, an object that "appeared" to be white paper. Defendant argues that such testimony violates LSA-R.S. 15:463 which limits a lay witness's testimony to facts within his *971 knowledge and prohibits testimony as to any impressions or opinions he may have.
It should be noted that the defense made no contemporaneous objection to the testimony in question as required by C.Cr.P. art. 841. It is clear, however, that the testimony was not objectionable as the police were merely testifying as to their personal observations and drawing reasonable inferences therefrom. State v. Sayles, 395 So.2d 695 (La.1981). The officers qualified their testimony, and defense counsel was allowed to cross-examine the officers in an effort to discredit their testimony. This assignment of error is, accordingly, without merit.
The defendant next claims that he was denied effective assistance of counsel because counsel failed to object to the above testimony and, further, because counsel failed to advise the defendant that he had a right to an appeal. It is well settled that "[t]he issue of whether defendant was denied effective assistance of counsel is more properly raised by application for a writ of habeas corpus in the district court, where a full evidentiary hearing maybe conducted if warranted." State v. Brown, 384 So.2d 983 (La.1980).
In his final assignment of error, the defendant asserts that the trial court violated his rights to due process of law and equal protection of the law in failing to advise him of his right to appeal. This contention is without merit as the defendant has been afforded his right to appellate review via this out-of-time appeal.
AFFIRMED.