DOMENGEAUX, Judge.
The defendant, Diana Bonnette, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. She was tried before a six-person jury, found guilty by a unanimous verdict, and on May 23, 1985, was sentenced to serve eighteen months in the custody of the Louisiana Department of Corrections.
FACTS
On November 16, 1984, Mr. and Mrs. Jeffrey Ryland returned to their home in Ruby, Louisiana, and noticed that several items were missing. Mrs. Ryland testified that among the items taken were a video cassette recorder, a calculator, and a rifle. In addition, several pieces of Mrs. Ryland’s jewelry were also taken. The net worth of the items discovered missing was valued at approximately $4,800.00.
Blane Carmouche testified at trial that upon the suggestion of the defendant he, the defendant, and Richard G. Bonnette burglarized the Ryland home. Carmouche testified that the three of them broke into a window at the back of the house. He further stated that the defendant took a calculator, a vase, and several other miscellaneous items. He testified that the defendant’s vehicle was used in the crime.
Blane Carmouche, a second cousin of the defendant, and Richard Bonnette, the defendant’s brother, pled guilty to simple burglary of the Ryland home. They were convicted and sentenced accordingly.
LAW
The defendant urges five assignments of error contesting her conviction and sen-fence.[1] For purposes of clarity and continuity, we choose to address the defendant’s specifications of error in a different order than the way they were presented to us.
The defendant contends the trial court erred in allowing the State to introduce, over the defendant’s timely objection, a prior inconsistent statement of Blane Carmouche. Specifically, the defendant contends that the prosecutor impeached his own witness in violation of La.R.S. 15:487. That statute provides:
“No one can impeach his own witness, unless he have been taken by surprise by the testimony of such witness, or unless the witness show hostility toward him, and, even then, the impeachment must be limited to evidence of prior contradictory statements.”
The trial judge overruled the defendant’s objection, finding that the State was not attempting to impeach Mr. Carmouche but was instead reviewing the order of events at the time of Mr. Carmouche’s arrest.
In State v. McDonald, 387 So.2d 1116 (La.1980), the Louisiana Supreme Court stated:
“When introduced in presentation of the state’s case in chief, inconsistent statements, whether inculpatory or exculpatory, are not subject to procedural rules governing impeachment of witnesses. State v. McGraw, 366 So.2d 1278 (La.1979); State v. Paternostro, 219 La. 563, 53 So.2d 673 (La.1951).”
We recognize that McDonald concerned only the prior inconsistent statements of the defendant. However, we see no reason why the language used is not equally appli *484 cable to any aspect of the State’s case-in-chief, especially where the inconsistent statement was introduced merely for the purpose of recounting a sequence of events.
In the present case, the State was questioning the witness as to the events following his arrest. We consider this testimony part of the State’s case-in-chief. Therefore, the defendant’s objection was properly overruled by the trial court and this assignment of error is without merit.
The defendant also contends the trial court erred in allowing the State to elicit testimony pertaining to statements made by Richard Bonnette, witness for the defendant. Specifically, the defendant contends that the State did not lay a proper foundation for the introduction of a prior inconsistent statement as required by La. R.S. 15:493.[2]
The record supports the defendant’s contention that the State failed to lay a proper foundation before using a rebuttal witness to impeach the defendant’s witness. However, we find that the trial court’s error in admitting the impeaching testimony was harmless for three reasons. First, no matter how it was accomplished, the State would have succeeded in attacking Mr. Bonnette’s credibility. This is true because either Mr. Bonnette would have admitted to initially protesting his involvement in the crime to which he subsequently pled guilty, or his written statement or the testimony of the rebuttal witness would have been used to establish that fact. Second, even if Mr. Bonnette’s assertions of innocence had not been brought before the jury, his credibility was nonetheless compromised when he admitted to having previously implicated the defendant whom he later exonerated at trial. Third, assuming Mr. Bonnette’s credibility had never been attacked, we find that sufficient evidence exists to support the defendant’s conviction. (See the reasons following discussion of the defendant’s first two assignments of error below.)
Since the admission of the rebuttal witness’ testimony did not contribute to the defendant’s conviction, the error was harmless. State v. Martin, 458 So.2d 454 (La.1984). This assignment is without merit.
In the defendant’s first assignment of error, it is contended that the verdict of guilty was not supported by the evidence. In assignment of error No. 2, the defendant alleges the trial court’s error in denying her motion for post-verdict judgment of acquittal. Both of these assignments concern the sufficiency of the evidence presented to convict the defendant.
The standard for reviewing the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that each element of the crime had been proven. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).[3] In the present case the defendant was convicted of the crime of simple burglary, a violation of La.R.S. 14:62 which states in pertinent part:
“Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a *485 felony or any theft therein, other than as set forth in Section 60.”
The evidence introduced at trial established that the Ryland home had been subjected to a forced entry, that the Ry-lands had not authorized such an entry, and that a number of valuable items had been stolen from the home. The State’s witness, a co-perpetrator, testified that the defendant had instigated the crime, loaned her vehicle for its completion, and actively participated in the theft.
Viewing this evidence in a light most favorable to the prosecution, there is ample support for the jury’s determination that beyond a reasonable doubt the defendant, Diana Bonnette, accompanied by two others, made an unauthorized entry into the Ryland home with the intent to commit a theft therein. The assignments of error alleging an insufficiency of evidence to support the defendant’s conviction of simple burglary are without merit.
Finally, it is alleged that the trial judge abused his wide discretion in sentencing the defendant.[4] Although an inference of arbitrariness arises when a sentence is inconsistent with the sentences imposed in similar cases from the same jurisdiction, State v. Knighton, 436 So.2d 1141 (La.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984), no such inference arises here.
The defendant’s two accomplices were each sentenced to two years imprisonment. Pursuant to guilty pleas, both sentences were suspended so as to reduce the actual time served to thirty days or six months for the two felons. On the other hand, the defendant was given an eighteen month sentence which was not suspended. Disparity between the sentences of confederates in crime does not render the defendant’s sentence disproportionate if the nature of her participation, character, or propensities differ significantly from those of her cohorts. See State v. Telsee, 425 So.2d 1251 (La.1983). Considering the defendant’s instigating role in this crime and the extent of her active participation therein, and noting that the maximum penalty exposure pursuant to a conviction for simple burglary is twelve years, we cannot say the trial judge manifestly abused his discretion in failing to suspend the defendant’s sentence. State v. Prados, 404 So.2d 925 (La.1981); State v. Granier, 442 So.2d 1162 (La.App.3rd Cir.1983), writ denied, 444 So.2d 1214 (La.1984). Therefore, this assignment is also without merit.
For the above and foregoing reasons, the conviction and sentence of Diana Bonnette are affirmed.
AFFIRMED.

. The defendant’s five assignments are as follows:

"Assignments of Error:

1. The verdict of guilty as to simple burglary was not supported by the evidence, when viewed in a light most favorable to the prosecution in that a rational jury could not have found the essential elements of the crime of simple burglary beyond a reasonable doubt.
2. That the trial judge erred in his denied to grant defendant’s motion for a post-verdict judgment of acquittal as to the verdict of guilty of simple burglary.
3. That the trial judge erred by allowing the introduction of the prior inconsistent statement of Blane Carmouche by the state, over objections of the defendant.
4. That the trial judge abused his discretion by sentencing Diana Bonnette to serve eighteen (18) months in the custody of the Department of Corrections.
5. The trial court erred by allowing the introduction of the testimony of Robert Venable pertaining to statements made by Richard Bonnette, a witness for the defendant over the objection of defendant’s counsel."

. La.R.S. 15:493 states:
"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible.”

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.