171 So. 52

STATE v. WILLIAMS.

No. 33986.

Nov. 4, 1936.

W. T. Holloway, of Jonesboro, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Walton E. McBride, Dist. Atty., of Ruston, for the State.

LAND, Justice.

Defendant is charged with the murder of Oliver Monroe in the parish of Jackson October 29, 1935.

He was found guilty of manslaughter and sentenced to not less than three years nor more than nine years in the State Penitentiary.

The appeal in this case is based upon sixteen bills of exceptions.

Bill No. 1.

The district attorney propounded the following question to Dr. C. S. Mc Donald, a State witness: "Dr. state whether or not you examined Senia Williams, wife of Sam Williams, at the time you viewed the body of Oliver Monroe, and, if so, what wound, if any, you found on Senia?"

This question was objected to as irrelevant and immaterial, and the objection was overruled for the reason, as stated in the

per curiam to this bill, that it was the theory of the State that defendant, Sam Williams, was engaged in an affray with his wife, Senia Williams, when the deceased, Oliver Monroe, appeared on the scene; that Oliver Monroe then asked defendant why he wanted to treat his family that way, and, thereupon, defendant replied that he would let deceased "have some of it, too" and then shot him.

The purpose of the testimony was to corroborate, and, as stated in the per curiam, did corroborate, the State's theory of the case; and further showed the depraved condition of the defendant's mind at the time of the shooting, and a cause for the shooting.

We find no error in the ruling of the judge a quo.

### Bill No. 2.

■ This bill was reserved to the following question propounded by the district attorney to Miss Zora Harvey, a witness for the State: "Did Sam Williams about two weeks before he killed Oliver Monroe make a statement to you, or in your presence, with reference to the difficulty he was having in connection with his family, and, if so, what was it he said?"

Defense counsel objected to this question as irrelevant and immaterial.

In the per curiam to this bill the trial judge states that the testimony in the case showed that defendant had more or less trouble with his wife and that defendant was engaged in an altercation with her at the time he shot and killed Oliver Monroe. That the object of the testimony was to show the fact of this trouble and the condition under which the killing took place. That deceased and defendant married sisters, and the testimony showed that deceased was trying to placate this family trouble when he was shot by defendant.

This testimony, in our opinion, was relevant and material.

### Bill No. 3.

■ This bill was reserved to the right of the district attorney to impeach Leila Williams, a State witness. Before propounding questions to this witness, he stated to the court that she had on direct examination proven *hostile* to the State, and further pleaded *surprise,* citing articles 487 and 488 of the Code of Criminal Procedure as maintaining his right to impeach his own witness.

Counsel for defendant objected to the questions propounded for the reason that the witness had previously testified on a preliminary examination, at which the district attorney was present and had examined the witness, and that he was aware of the testimony which the witness had given at the preliminary hearing.

This objection was overruled by the trial judge.

Articles 487, and 488 of the Code of Criminal Procedure are controlling in the decision of this question. They read as follows:

"487. No one can impeach his own witness, unless he have been taken by *surprise* by the testimony of such witness, or unless the witness show *hostility* toward him, and, even then, the impeachment must be

limited to evidence of prior contradictory statements."

"488. 'Surprise' in the sense of the last preceding article does not arise out of the mere failure of the witness to testify as expected, but out of his testifying upon some material matter against the party introducing him and in favor of the other side." (Italics ours.)

Conceding that the district attorney was not taken *"by surprise"* by the testimony of his witness, yet that officer had claimed also the right to impeach this witness on the ground of "hostility" to the State, while testifying as a State witness.

In our opinion, the prosecuting officer had the right to impeach the witness on the latter ground, as ruled by the trial judge.

This witness had testified that deceased, Oliver Monroe, "threw his gun down on defendant, and defendant shot him," thereby showing that deceased was the aggressor and defendant had acted in self-defense.

The district attorney proposed to impeach the witness by showing that, after the killing, she had made contradictory statements to the coroner, a deputy sheriff, and other witnesses, that when deceased, a brother-in-law of defendant, arrived at the house, defendant was beating his wife and mistreating other members of his family, and while deceased was trying to placate this family trouble by appealing to defendant to desist, defendant said to him "I will let you have some of it, too," and then shot deceased who was unarmed at the time.

Bills 4, 5, 6, 7, 8, 9, 10, 11, and 12, as stated in defendant's brief, involve the question of whether or not the district attorney had the legal right of impeaching his own witness, and these bills are all disposed of by the ruling above made in this opinion. (Defendant's brief, pp. 2 and 3.)

Bill No. 13.

This bill is leveled at the refusal of the trial judge to permit the attorney for the accused to introduce evidence of prior threats. (Defendant's brief, p. 6.)

The district attorney objected to such evidence on the ground that any prior threats on the part of the deceased are not admissible until an overt act on his part has been established to the satisfaction of the court. This objection was sustained by the court, and properly so.

Bills 14 and 15 are waived. (Defendant's brief, p. 3.)

Bill No. 16.

This bill was reserved to the overruling of a motion for a new trial predicated upon the errors assigned in the various bills of exception reserved in this case, and which have already been discussed and disposed of in this opinion.

In the per curiam to this bill the trial judge states that "the evidence adduced in the trial of the case amply justified and sustains the jury and the verdict."

The conviction and sentence appealed from are affirmed.

O'NIELL, C. J., dissents from the ruling on bills 3 to 12, inclusive, in relation to the impeachment of the State's witness, Leila Williams, and dissents from the rul-

ing on bill 13 on the ground that there was some evidence to show that the deceased committed an overt act; from which evidence, and in fact from all of the evidence, including evidence of prior threats, it was the province of the jury to determine whether the defendant acted in self-defense or was the aggressor in the fatal difficulty.

FOURNET, Justice.

I do not concur with the majority opinion in respect to bills of exception Nos. 3 and 13, but concur in the decree.

**171 So. 55**
**STATE v. BROWN.**
No. 34929.

Nov. 4, 1936.

Rehearing Denied Nov. 30, 1936.

G. Wray Gill and Daly & Hamlin, all of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Charles A. Byrne, Dist. Atty., and Chan-