264 So.2d 644

**STATE of Louisiana**

**v.**

**Alfred DORSEY, Jr.**

**No. 51673.**

June 29, 1972.

James D. Davis, Alexandria, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Edwin O. Ware, III, Dist. Atty., Robert P. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

The defendant, Alfred Dorsey, Jr., was jointly tried with Daniel Ezell Nails, Jr., for armed robbery. Both were convicted and sentenced. Nails perfected his appeal, and this Court affirmed his conviction. State v. Nails, 255 La. 1070, 234 So.2d 184 (1970). Dorsey failed to timely perfect his appeal. Because of exceptional circumstances, we granted an out-of-time appeal. See 258 La. 967, 248 So.2d 830 (1971). Dorsey relies upon eight bills of exceptions reserved in the trial court.

Bills of Exceptions No. 3, relating to trial production of victim's statement, Nos. 4 and 11, relating to a child witness, No. 6, relating to hearsay testimony, and No. 7, relating to cross-examination of Deputy Sheriff James LaCour, are the identical bills rejected in the companion case of State v. Nails, supra. As to these bills, we adopt our previous disposition for the reasons assigned.

## BILL OF EXCEPTIONS NO. 1:

*Request for in-court Identification Lineup.*

Anticipating that identification of the defendant would be a factual issue, defense counsel at the trial requested the judge to conduct an in-court identification lineup to test the state witnesses ability to identify the defendant in a line with other persons. The trial judge denied the request.

The defense contends that the trial judge could have secured other prisoners from the jail to stand in the lineup and that, in denying the request, the judge abused his discretion.

Defendant cites no authority for an in-court lineup during a trial, and we know of none. Defendant was afforded ample opportunity to test the identification by cross-examination of the witnesses before the jury.

The bill of exceptions is without merit.

## BILL OF EXCEPTIONS NO. 9:

*District Attorney's Argument to the Jury About Alibi Witnesses.*

During his closing argument, defense counsel sought to explain his failure to call certain alibi witnesses who had been named in the testimony as being in a cafe at the

same time as one of the defendants. Defense counsel stated that these witnesses would not remember who was present. In rebuttal argument, the State pointed out that defense counsel had ample time before the trial to interview these witnesses to determine if they in fact remembered.

At this point, defense counsel interrupted to say:

"Your Honor, I am going to ask that the Court direct the Jurors to disregard completely that statement made by the District Attorney."

Immediately following defense counsel's statement, the trial judge ruled, "Request denied."

In his *Per Curiam*, the trial judge points out that defense counsel gave no reason why the jurors should be instructed to disregard the statement.

When an objection is made in the trial court without assigning a ground upon which the trial judge can make his ruling, the ruling of the trial judge ordinarily provides no basis for a reversal of the conviction. State v. Keife, 165 La. 47, 115 So. 363 (1927); 24 C.J.S. Criminal Law § 1691(c), pp. 1245–1246.

In his formal bill of exceptions, however, defendant asserts that the district attorney's argument went beyond the evidence. Assuming that we can consider this ground, we find it to be without merit.

Article 774 of the Louisiana Code of Criminal Procedure provides:

"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.

"The argument shall not appeal to prejudice.

"The state's rebuttal shall be confined to answering the argument of the defendant."

The trial judge is accorded wide discretion in confining the arguments to the scope of the evidence. State v. Morgan, 147 La. 205, 84 So. 589 (1920), cert. denied, 253 U.S. 498, 40 S.Ct. 588, 64 LEd. 1032; 2 Marr's Criminal Jurisprudence of Louisiana § 660, at 1010 (2nd ed. 1923). In the present case, the complete transcript was not made part of the bill of exceptions. It is clear, however, that the District Attorney's argument was in response to the defense counsel's explanation of why the alibi witnesses had not been called. We find no abuse of discretion in this ruling.

BILL OF EXCEPTIONS NO. 10:

*District Attorney's Comment on Credibility of Witnesses.*

During final argument, the District Attorney stated that two of the State's wit-

nesses told the truth but not all of the truth. Defense counsel objected and the court sustained the objection, instructing the jury to disregard the statement. Resuming his argument, the District Attorney said, "The State contends that what Ruby and Doretha told you is true." The defendant then moved for a mistrial on the ground that the statement implied that another state witness, whose testimony contradicted that of these witnesses, testified falsely.

As noted by the trial judge in his *Per Curiam*, the District Attorney was merely advancing his theory of the case. The argument was proper.

The bill of exceptions is without merit.

For the reasons assigned, the conviction and sentence are affirmed.