319 So.2d 901 (1975)
STATE of Louisiana
v.
Robert Lee WEST and Sampson West.
No. 56339.
Supreme Court of Louisiana.
October 1, 1975.
Rehearing Denied October 31, 1975.
*902 James S. Gravel, Alexandria, for Robert Lee West.
*903 Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, for Sampson West.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Alfred B. Shapiro, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Rapides Parish Grand Jury indicted Robert Lee West and Sampson West for the second degree murder of Ray James Foster on November 3, 1974. The State brought the defendants to trial and on March 13, 1975, the jury found Robert West guilty of Second Degree Murder and Sampson West guilty of Manslaughter.
The trial judge sentenced Robert Lee West to life imprisonment and Sampson West to imprisonment for a term of twenty-one years.
Defendants have appealed, relying upon eleven assignments of error. Finding merit in none of them, we affirm the convictions and sentences.
The circumstances from which the prosecution arose commenced late in the afternoon on November 3, 1974, when the two defendants approached the victim's car. Sampson West pointed a gun at Foster during a heated argument. Sampson walked away from the car and apparently handed the gun to Robert West, who was standing several feet away from Foster's car. Sampson then returned to the car and began beating Foster and pulling him from the car. During the fight between Sampson and Foster, Robert fatally shot Foster.

ASSIGNMENT OF ERROR NO. 1
One eyewitness to the events of November 3 was Bobby Thomas, the brother of the two defendants. Shortly after the incident, Thomas gave the police a statement describing in some detail what had occurred. The prosecution called Thomas as a witness. During the course of his testimony, Thomas became very evasive and asserted that he could not remember much about the incident. The prosecutor asked the witness if he had made a prior statement to police officers. The witness admitted that he had, and also admitted that he had reread the statement immediately prior to trial, but claimed that he had forgotten half of the statement. The prosecutor then asked, "Have your two brothers been intimidating you in any way?" The witness answered, "No, sir." Defense counsel objected, and after the jury was removed, moved for a mistrial based on the district attorney's question. The trial judge denied the motion for mistrial and overruled the objection to the question. Only one of the defendants sought cautionary instructions to the jury, and then only in the event that the prosecution attempted to elicit the prior inconsistent statement from the witness, which the prosecution chose not to do.
In brief, defense counsel argue that the question asked the witness by the district attorney comes within the purview of Article 770(2) of the Louisiana Code of Criminal Procedure, which provides:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible."
They also cite Article 775 of the Louisiana Code of Criminal Procedure, which mandates a mistrial when "prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial . . .."
We hold that the asking of the question by the district attorney and the subsequent refusal by the trial judge to order a mistrial did not constitute reversible error.

*904 We base our holding on LSA-R.S. 15:487, which provides:
"No one can impeach his own witness, unless he have been taken by surprise by the testimony of such witness, or unless the witness show hostility toward him, and, even then, the impeachment must be limited to evidence of prior contradictory statements." (Italics ours).
The statute is phrased in the disjunctive by use of the word "or" and the comma immediately preceding it. Therefore, for impeachment of one's own witness, it is necessary only that either surprise or hostility be shown. The jurisprudence supports this construction of the statute. In State v. Ray, 259 La. 105, 249 So.2d 540 (1971), we upheld impeachment by the State of its own witness on the ground that the witness "was evasive and extremely hostile to the prosecution." See also State v. Rossi, La., 273 So.2d 265 (1973) (Tate, J. concurring); State v. Willis, 241 La. 796, 131 So.2d 792 (1961); State v. Williams, 185 La. 849, 171 So. 52 (1936); Pugh, Evidence, 22 La.L.Rev. 397 (1961).
Applying the statute to the facts in the instant case, we find that the question asked by the district attorney was proper to show that the witness had become hostile to the State's case. Not only was the question relevant, but it was also necessary in laying the foundation of hostility for impeachment of the witness. The failure of the State to complete the impeachment of the witness by introducing the prior inconsistent statement did not render the question less relevant. We hold that the mandatory mistrial provisions of Article 770 are inapplicable.
Furthermore, we reject the defendant's argument that the State's conduct was so prejudicial as to fall within Article 775, because the witness' response, "No, sir.", was an answer favorable to the defense rather than prejudicial to it.
We conclude that the assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, the defendants complain of the trial judge's failure to grant a motion for a directed verdict of not guilty urged by both defendants after the State rested its case. They based their motion upon the allegation that the State had failed to prove beyond a reasonable doubt that Rapides Parish was the proper venue. The court permitted the State to re-open its case in order to offer additional proof of venue, over defense objections.
The following testimony elicited prior to the motion for directed verdict from State witness James Augustine, an eyewitness to the crime, constitutes evidence of proper venue:
"Q. Mr. Augustine, were you in Alexandria on November 3, 1974?
A. Uh, huh.
Q. Pardon?
A. I was.
Q. What time did you come to Alexandria?
A. I was, I stayed all night down here.
Q. And where did you stay?
A. At my brother's.
Q. Did you go over to the home of Theresa Holmes or Theresa Hunt on E Street that day?
A. Uh, huh.
Q. When did you go there?
A. I was there off and on all day.
Q. All right, were you there in the late evening hours?
A. I was.
Q. Did you, during the late evening hours there, see either one of these defendants there?
A. No.

*905 Q. On that day?
A. I seen them later on that evening about [interrupted].
Q. That's what I say, later on that evening did you see them there?
A. Uh, huh."
Although Article 615 of the Louisiana Code of Criminal Procedure requires that the State prove proper venue beyond a reasonable doubt, this Court may not review allegations of insufficiency of proof, but is limited to a determination of whether there was some evidence submitted to the jury to establish venue. State v. Jackson, La., 308 So.2d 265 (1975); State v. Dillon, 260 La. 215, 255 So.2d 745 (1971); State v. Richard, 245 La. 465, 158 So.2d 828 (1963). We find that the State introduced some evidence that the offense charged occurred in Alexandria, in the jurisdiction of the Ninth Judicial District Court. Having so concluded, it becomes unnecessary to determine the propriety of allowing the State to re-open the case for additional evidence on this point.

ASSIGNMENT OF ERROR NO. 3
Defendants object on another ground to evidence received after the State re-opened its case to establish venue. Juanita London, the defendants' sister and the victim's concubine, testified for the State on its case-in-chief; she was recalled to testify as to venue. Defendants contend that her supplemental testimony exceeded the permissible scope of redirect examination as set forth in LSA-R.S. 15:281:
"The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that opportunity be not denied to recross on the new matter brought out on the redirect." (Italics ours).
We find no abuse of the trial judge's discretion in this matter. See, e. g., State v. Morgan, La., 315 So.2d 632 (1975).

ASSIGNMENTS OF ERROR NOS. 4 AND 5
In Assignment of Error No. 4, defendant Sampson West contends that the trial judge committed error in failing to grant a directed verdict in his favor at the close of the State's presentation of evidence on the ground that there was insufficient evidence to convict him of Second Degree Murder. Assignment of Error No. 5 sets forth Robert West's identical complaint. The thrust of Sampson West's argument is that there was no evidence to connect him with his brother's shooting of the victim.
Under this Court's interpretation of Article 778 of the Louisiana Code of Criminal Procedure, a directed verdict is proper only when there is no evidence to prove an essential element of the crime. State v. Douglas, La., 278 So.2d 485 (1973). Our review of the record in this case convinces us that there was some evidence of all the essential elements of the crime as to both defendants. The testimony shows that both defendants were active participants in the altercation with Foster; that both defendants came together to the scene of the crime; that Sampson West threatened the victim with the gun, then handed it to Robert West, and finally returned to the car and attacked the victim immediately preceding the shot fired by Robert West. From those and other facts, we conclude that these assignments of error are without merit.
We also reject Sampson West's argument that the jury's verdict convicting him of Manslaughter was unwarranted, since its only possible basis must have been that they held him accountable as a principal for the Second Degree Murder committed by his brother. Manslaughter is a responsive verdict to a charge of Second Degree Murder. LSA-C.Cr.P. Art. 814. In *906 Louisiana, when there is evidence to prove the greater offense, the same evidence will also support a responsive verdict of a lesser offense. This Court will not examine the evidence to evaluate the verdict. State v. Peterson, La., 290 So.2d 307 (1974); State v. Cooley, 260 La. 768, 257 So.2d 400 (1972).

ASSIGNMENTS OF ERROR NOS. 6 AND 7
Defendants complain about the following comments made by the district attorney during his argument to the jury:
"A witness by the name of Thomas. And I think it is important to consider that this witness, you remember him, is a brother to the defendants, and he comes up with a short memory. Short memory. The other brother who was in the car, Charles West, he left town. We don't have their version of what happened. We had one of them up here and we couldn't get it out of him. Just had a short memory. Couldn't remember. It was his own brother, too, and he couldn't remember. Now either he was not telling you the truth when he said he couldn't remember in order to protect his brother because the truth would hurt him. . . ."
Defendants contend that these remarks constituted impeachment by the State of its own witness, which should not have been permitted under LSA-R.S. 15:487, supra, and further, that the trial court erred in failing to give a limiting instruction that the prosecutor's statement was not to be regarded as evidence, but merely for purposes of impeachment.
In State v. Dorsey, 262 La. 785, 264 So. 2d 644 (1972), we held that the district attorney was merely advancing his theory of the case when in his argument he made a statement implying that one of the State witnesses whose testimony contradicted that of two other State witnesses was testifying falsely. Our holding in Dorsey controls the instant case. The District Attorney may properly argue to the jury factors affecting the credibility of witnesses so that the jury may consider these factors in evaluating the testimony. We find his remarks within the scope of Article 774 of the Louisiana Code of Criminal Procedure, providing:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.. . ." (Italics ours).
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 8 AND 9.
Assignment of Error No. 8 directs itself to the district attorney's rebuttal argument, in which he stated:
"But if you don't find that they went there and had the specific intent to kill or a specific intent to do great bodily harm to the victimRobert plead guilty to manslaughter when he got on the stand."
The defendants objected to the statement and moved for a mistrial, which was denied. Defendants contend that the statement constitutes an expression of the prosecutor's personal opinion of their guilt, which is statutorily and jurisprudentially prohibited. LSA-C.Cr.P. Art. 774; State v. Kaufman, La., 304 So.2d 300 (1974); State v. Curry, 262 La. 280, 263 So.2d 36 (1972). When the jury returned to the courtroom following argument on the defense motion for a mistrial, the judge gave them the following admonition regarding the remark:
"BY THE COURT: The record will reflect the jury has returned to the Courtroom. Ladies and Gentlemen of *907 the Jury I direct you and order you to disregard the last comment made by the prosecutor, that is, concerning the last part of the last statement he made about the defendant having pled. It is your job and your function here to decide the guilt or innocence of this witness and you are to disregard the last part of that statement. Proceed."
Assignment of Error No. 9 is the defendants' complaint that the admonition was insufficient to cure the prejudice suffered because of the remark.
In State v. Sercovich, 246 La. 503, 165 So.2d 301 (1964), we stated the controlling law as follows:
"Although it is generally considered to be erroneous for the prosecuting attorney to declare his individual opinion or belief that the accused is guilty when the accusation is made in such a manner that the jury may understand that the prosecutor's belief is based on evidence dehors the record, such an opinion is permissible if the prosecutor states, or it is apparent, that his opinion is based on the evidence of record. [Case citations omitted]."
The remarks of the District Attorney were obviously intended to convey the thought that the testimony of Robert Lee West contained the admission of sufficient facts upon which to base a verdict of Manslaughter. It was an evaluation of evidence, rather than the expression of the District Attorney's personal opinion outside the record.
We conclude that the remarks provided no ground for a mistrial.
Assuming that the words "pled guilty to manslaughter" were misleading, the trial judge's admonition to the jury adequately prevented any prejudice.

ASSIGNMENTS OF ERROR NOS. 10 AND 11
These assignments of error relate to the trial judge's refusal to give two special charges requested by the defendants regarding the burden of proof in cases where accidental killing is a defense. The court instructed the jury thoroughly about reasonable doubt and the requirements for specific and general criminal intent. Article 807 of the Louisiana Code of Criminal Procedure provides that a requested special charge need not be given if it is included in the general charge or in another special charge to be given. We hold that the substance of the requested charges was contained in the general charge, and, therefore, we find these assignments of error to lack merit.
For the reasons assigned, the convictions and sentences are affirmed.
DIXON, J., concurs.
BARHAM, J., dissents.