338 So.2d 920 (1976)
STATE of Louisiana
v.
McArthur GALLOW.
No. 57920.
Supreme Court of Louisiana.
October 6, 1976.
Rehearing Denied November 5, 1976.
*921 David L. Dawson, Jr., Robert R. Rainer, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Robert H. Hester, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, McArthur Gallow, was charged with and convicted of the second degree murder of Bobby Miller, a violation of LSA-R.S. 14:30.1. Defendant was sentenced to life imprisonment. On appeal, defendant relies upon seven assignments of error for reversal of his conviction and sentence. Assignment of Error No. 5, being neither briefed nor argued, is considered abandoned. State v. Richmond, La., 284 So.2d 317 (1973); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

ASSIGNMENT OF ERROR NO. 1
Defendant alleges that the trial court committed error when it commented on the facts of the case and expressed an opinion as to the defendant's guilt or innocence during voir dire examination.
Unfortunately, the comment complained of is subject to two transcriptions. Due to a malfunction of the transcription equipment, the comment had to be reconstructed from the reporter's notes, which were imperfect.
During the voir dire examination of a juror, the following exchange took place:
"Q. As I said, we want the average person who will listen to what comes from that witness standam I safe in saying that if you are convinced that the defendant committed murder you could find him guilty of murder?
"A. Well, yes, I believe so.
"Q. You understand what I am saying, Mr. Edgell?
"A. There is something that I don't understand here. Maybe I have watched too much TVif a manI assume that attempted murder is a felony, but I thought that killing somebody is first degree murder, that's what I thought.
"Q. That's not the law in our State.

*922 "Reporter's note: The recording machine having malfunctioned, this transcription below is dependent on the Reporter's notes which are, unfortunately imperfect and lend themselves to two transcriptions, which are presented:

"THE COURT: There is : THE COURT: There is
no attempt involved : no attempt involved
here. He is on trial for : here. He is on trial for
the person who died : the person who got
. . . killed, not for : killed not for the one
the one he didn't get. : who didn't get killed.

"MR. DAWSON: At this point I'm going to object to the Court's comments. I think the Court, even though no evidence has been introduced, the Court is commenting on possible evidence.
"THE COURT: I am not commenting on. . . hypothetical . . .
"MR. DAWSON: I don't think it's proper, and I object.
"Interrogation on voir dire of panel No. 2 of the Jury Venire was resumed by Robert Hester, assistant district attorney, and then begun by David L. Dawson, Jr., counsel for defense; and concluded. Whereupon the Court made the following remarks:
"THE COURT: I would admonish you and order you to disregard the remarks that I made if those remarks were interpreted by you as referring to this case on trial."
The above admonition was made by the court on its own initiative, since defense counsel requested neither an admonition nor a mistrial.
Having reviewed the judges comment in context, we construe it to mean that the defendant was charged with murder, not attempted murder. (The defendant was charged with second degree murder of Bobby Miller, who was struck by a bullet intended for another.)
Even if the comment were construed to be a factual comment, however, in our opinion the error would not be reversible. Firstly, the comment by the court during voir dire is not a comment on the facts within the purview of Article 772 of the Louisiana Code of Criminal Procedure. Secondly, the remark did not relate either directly or indirectly to any of the grounds listed in Article 770 of the Louisiana Code of Criminal Procedure requiring a mistrial if requested. At most, the comment would constitute a remark under Article 771 of the Louisiana Code of Criminal Procedure, which can be cured by an admonition. Such an admonition was given.
It is well settled that a verdict will not be set aside because of improper remarks by the judge unless the reviewing court is thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Hammler, La., 312 So.2d 306 (1975); State v. Simpson, 247 La. 883, 175 So.2d 255 (1965).
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges that the trial court committed error when it admitted into evidence, over defendant's objection, a portion of a bullet found at the scene of the crime.
The investigating officer testified that he found the lead slug approximately twelve inches from a bloodstain near the victim's body. The bullet was the only one found at the scene of the crime and did tend to establish that the victim had been shot.
It is well settled that a trial court has wide discretion in determining the relevancy of evidence, and its ruling will not be disturbed on appeal in the absence of an abuse of discretion. State v. Owens, La., 301 So.2d 591; State v. Pierre, 261 La. 42, 259 So.2d 6 (1972); State v. Davis, 259 La. 35, 249 So.2d 193 (1971). There is no showing of an abuse of discretion in this case. Defendant's objection goes to the weight to be given to the evidence rather than to its admissibility. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
Assignment of Error No. 2 is without merit.

*923 ASSIGNMENT OF ERROR NO. 3
Defendant alleges that the trial court erred when it admitted into evidence, over defendant's objection, two color photographs of the victim.
The test of admissibility is whether the probative value of the photographs outweighs the prejudice which may result from their display to the jury. State v. Smith, La., 327 So.2d 355 (1976); State v. Beach, La., 320 So.2d 142 (1975).
In the present case, the photographs were neither gruesome nor gory. Defendant bases his argument partially on the fact that the photographs were in color. The fact that they were in color does not of itself make the photographs inadmissible. The trial judge, demonstrating awareness of possible prejudice, allowed into evidence only two of the three photographs offered by the State. The trial court has considerable discretion in the admission of photographs; its ruling will not be disturbed in the absence of an abuse of that discretion. State v. Gibson, La., 271 So.2d 868 (1973); State v. Barber, La., 271 So.2d 853 (1973).
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant alleges that the trial court erred in permitting the jury to visit the scene of the crime. He contends that the trip was "completely unnecessary since there were photographs and other evidence in [the] record pertaining to this matter. The only thing that this did was to inflame the jury which situation was aggravated by the inclement weather."
Article 762 of the Louisiana Code of Criminal Procedure provides in pertinent part that the court may move to the scene of the crime:
"To allow the jury or judge to view the place where the crime or any material part thereof is alleged to have occurred, or to view an object which is admissible in evidence but which is difficult to produce in court."
As shown by the testimony, there were several people involved in the shooting incident which resulted in the victim's death. Obviously, the location of each participant is critical. The State did present photographs of the area; yet, it is clear from the testimony of Ray Buckley, one of the State's chief witnesses, that the photographs were insufficient to show clearly the location of the participants. Buckley testified that none of the pictures indicated exactly where the defendant was at the time of the incident.
The granting of a motion to have the jury view the scene of the crime is within the sound discretion of the trial court, and the ruling will not be disturbed on appeal in the absence of an abuse of discretion. State v. Johnson, La., 294 So.2d 229 (1974).
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 6
Here, defendant alleges that the trial court erred when it refused to grant defendant's request for Special Jury Charges Nos. 1, 2, 3, and 8.
Special Instruction No. 1 provided:
"It is the duty for the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Upon allowing testimony or other evidence to be introduced over the objection of an attorney the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence."
Special Instruction No. 2 provided the State bears the burden of proof beyond a reasonable doubt that a homicide was feloniously committed and that such homicide was not perpetrated in self-defense.
Special Instruction No. 3 purported to explain the difference between manslaughter and second degree murder to the jury.
Special Instruction No. 8 recited that if the factual argument of the lawyers is not *924 substantiated by the evidence, the jury is to disregard it.
Article 807 of the Louisiana Code of Criminal Procedure provides in pertinent part:
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
Special Instruction No. 1 is a misstatement of the law and was correctly refused by the trial court. Under no circumstances is the court allowed to comment on the weight to be given to specific evidence; this is the prerogative of the jury. The court properly instructed the jury that:
"Our law provides that you alone determine the credibility of the witnesses and the weight of the evidence which has been offered in the case. Under Louisiana law the Court is not permitted to comment on the facts nor upon the testimony nor upon the credibility of the witnesses. You alone decide what has been proven and what has not been proven, and you alone decide what weight you will give the testimony of the various witnesses. . . . * * * is purely a legal matter which directs itself to the Court and is a matter of concern between Court and counsel, not between counsel and the jury. As stated before, you the jurors are the sole judges of the credibility of witnesses and of the weight which their testimony deserves."
Our examination of the transcript discloses that requested Special Instructions Nos. 2, 3, and 8 are comprehensively covered in the general charge to the jury; they were, therefore, correctly denied. LSA-C. Cr.P. Art. 807.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
During rebuttal argument by the State, defendant objected and asked for a mistrial, contending the prosecutor had interjected his personal opinion on the defendant's guilt. Defendant cites language from the transcript to which he did not object:
"We don't need that evidence. When we started this trial I had no way of knowing whether or not we'd be able to go out there. We don't need that evidence to convict."
By his failure to object timely, defendant has waived his right to complain of this statement. LSA-C.Cr.P. Art. 841; State v. Marcell, La., 320 So.2d 195 (1975).
The only statement that the defendant objected to, and which in reality forms the basis for this assignment of error is: "I can only conclude that their only motive in getting up there and saying what they said was because . . ."
Before the prosecutor could finish, the defendant objected and asked for a mistrial, which was denied. The prosecutor was speaking of the credibility of certain relatives of a State's witness who had testified. The prosecutor's next statement, after the objection had been overruled, was:
"What reason could they have for getting up there under oath and saying what they said? Unless it was the truth. What other reason could there be?"
This comment by the State was in response to defense argument, which first introduced the subject of these witnesses' credibility:
"Remember that all of these people that testified, neighbors up and down . . and relatives. The only person that testified that wasn't a relative . . . was the fellow we brought in. . ."
This Court stated in State v. Kaufman, La., 304 So.2d 300 (1974), citing the American Bar Association standards relating to the prosecutorial function, Standard 5.8(c), Comment b:
"Credibility is solely for the triers, but an advocate may point to the fact that circumstances or independent witnesses give support to one witness or cast doubt on another."
*925 See also State v. West, La., 319 So.2d 901 (1975); State v. Dorsey, 262 La. 785, 264 So.2d 644 (1972).
Assignment of Error No. 7 is without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant alleges that the trial court erred in refusing to grant a new trial on the grounds enumerated in his assignments of error, supra. Having determined the assignments of error to be without merit, we hold that the trial court correctly denied defendant's motion for a new trial.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs without reasons.
DENNIS, J., dissents with reasons.
DENNIS, Justice (dissenting).
I respectfully dissent. The defendant in this case has been subjected to life imprisonment without the right of judicial review based upon a complete record of all evidence upon which the judgment is based, in violation of Louisiana Constitution of 1974, article I, § 19. See State v. Bizette, 334 So.2d 392 (La.1976). The majority opinion correctly notes in discussing assignment of error number 1 the existence of a void in the record of the trial during which the trial judge may have commented upon the evidence to be produced. Under one version of the stenographer's notes the judge indicated a belief to the jury that defendant had committed the homicide for which he was on trial. Such a comment upon the facts of the case by the judge in the presence of the jury giving an opinion as to what he expected to be proved constitutes error under Louisiana Code of Criminal Procedure article 772, potentially having a very prejudicial influence on the jurors.

ON REHEARING
PER CURIAM.
In his application for rehearing defendant points to an apparent inaccuracy in our opinion where it was stated that defense counsel did not move for a mistrial relative to assignment of error number one. What we meant to convey is that there was no contemporaneous motion for a mistrial. The motion came appreciably later than when the court purportedly commented on the evidence and after the court on its own initiative, some time after defendant's objection, had adminished the jury to disregard the remark, should it have been construed by the jury as referring to the case on trial.