704 So.2d 882 (1997)
Michael SATTERLY, Plaintiff-Appellant,
v.
LOUISIANA INDEMNITY CO., et al., Defendant-Appellee.
No. 97-655.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1997.
*883 Lawrence N. Curtis, Lafayette, L. Kimberly Jones, Opelousas, for Michael Satterly.
James L. Pate, Lafayette, for Town of Melville & Titan Indemnity Co.
Richard Phillip Ieyoub, Patrick Bayard McIntire, for State, DOTD.
Peter Forrestt Caviness, Opelousas, for Roland Construction Co. & Bituminous Casualty Co.
Albert Dale Clary, Baton Rouge, for Morgan Goudeau & Assoc.
Darrell Boudreaux, pro se.
Before DECUIR, PETERS and GREMILLION, JJ.
*884 DECUIR, Judge.
This is a case involving a pickup truck, two intoxicated young men, and a concrete post. The central issue is whether the truck and the men hit the post, and if they did, who is responsible. The jury and the trial judge found that none of the named defendants were responsible. The plaintiff appeals that finding. For the reasons that follow, we affirm.

FACTS
In the early morning hours of July 9, 1992, two friends, Kurt Miller and Michael Satterly, left Dago's bar in Krotz Springs, headed for their homes in Melville. Unfortunately, both of the young men were intoxicated (post-accident blood alcohol levels of .131% and .130% respectively) when they climbed into Miller's 1990 Isuzu pickup truck. With Miller at the wheel, the friends proceeded north along Louisiana Highway 105 toward Melville. Shortly thereafter, the details become murky.
Miller recalled that Satterly had fallen asleep or passed out in the passenger seat and suddenly came awake and grabbed the steering wheel causing the truck to run off the road. Satterly, on the other hand, recalled that Miller had fallen asleep at the wheel and Satterly grabbed the wheel as the car crossed the centerline but surrendered it when Miller awoke. In any event, the truck veered off the roadway dropping 2.7 inches onto the eastbound shoulder. The vehicle almost immediately yawed back onto the roadway completely out of control flipping and coming to rest some fifty feet from the west edge of the roadway. At some point during the horrifying ride, Satterly was thrown from the vehicle. In the course of the accident, he sustained an injury to his back that rendered him a paraplegic below the fifth thoracic vertebrae. He awoke after the accident to find himself lying near a concrete post. Apparently, despite his extensive paralysis, at sometime he was able to drag himself closer to the roadway because when help arrived he was found some distance from the post. In any event, he believes that he, the truck, or both hit the concrete post and his injuries were caused by that contact.
As a result, Satterly sought legal compensation for his injuries, reaching settlement with his friend, Miller, and filing this suit against DOTD, Morgan Goudeau & Associates, Inc., Roland Construction, Bituminous Casualty Corporation (Roland's insurer) and the Town of Melville, together with their respective insurers. After a trial, the jury found no fault on the part of Morgan Goudeau & Associates, Inc. or Roland Construction and Bituminous Casualty Corporation. Likewise, the trial judge found DOTD and the Town of Melville free from fault. Satterly lodged this appeal, citing numerous errors on the part of the trial court and jury. All defendants answered, seeking damages for frivolous appeal and alternative relief should this court reverse the trial court. In addition, all defendants filed motions to supplement answer to appeal which this court referred to the merits.

STANDARD OF REVIEW
In an attempt to obtain de novo review of his case, Satterly relies on our discussion in Kramer v. Continental Casualty Co., 92-1131 (La.App. 3 Cir. 6/22/94); 641 So.2d 557, writ not considered, 94-2576; 648 So.2d 399, writs denied, 94-2473, 94-2474, 94-2475 (La.12/19/94); 648 So.2d 402-403, to imply that the manifest error/clearly wrong standard is not applicable where jury interrogatories are not couched in terms of a duty-risk analysis of liability. Kramer stands for no such proposition. The court in Kramer clearly states that our standard of review is the manifest error or clearly wrong standard. While we acknowledge that Kramer contains the language cited by Satterly regarding the difficulties of applying the manifest error rule where jury interrogatories are inadequate, we note that Satterly fails to cite the conclusion reached by this court that we nevertheless must follow the manifest error or clearly wrong standard.
Accordingly, the appropriate standard of review in this case is the manifest error or clearly wrong standard. Rosell v. ESCO, 549 So.2d 840 (La.1989), writ denied, 561 So.2d 105. Furthermore, we note that Satterly *885 argues that the jury interrogatories were inadequate but did not assign this as error or raise an objection at trial, as such the issue was waived and is not properly before us. Clay v. International Harvester Co., 95-1572 (La.App. 3 Cir. 5/8/96); 674 So.2d 398.

AASHTO "CLEAR RECOVERY ZONE" STANDARDS
Satterly first asserts that the trial court erred in excluding evidence concerning the American Association of State Highway and Transportation Officials (AASHTO) standards regarding the "clear recovery zone." The crux of his argument is that the trial court incorrectly concluded that the standards were not relevant and failed to follow the supreme court's ruling in Dill v. State, Department of Transportation & Development, 545 So.2d 994 (La.1989).
The trial court found that the AASHTO standards were irrelevant in this case. Relevant evidence is any evidence that has any tendency to make the existence of any fact that is of consequence to the litigation more probable or less probable than it would be without the evidence. La.Code Evid. art. 401. "All relevant evidence is admissible, except as is otherwise provided by the Constitution of the United States, the Constitution of Louisiana, this Code of Evidence, or other legislation. Evidence which is not relevant is not admissible." La.Code Evid. art. 402. Whether evidence is relevant is within the discretion of the trial court and that ruling will not be disturbed by an appellate court in the absence of a clear abuse of discretion. Hawthorne v. Hawthorne, 96-89 (La.App. 3 Cir. 5/22/96); 676 So.2d 619, writ denied, 96-1650 (La.10/25/96); 681 So.2d 365. The Dill case does not change this standard of review. In Dill the supreme court stated:
Design standards both at the time of the original construction and at the time of the accident may be relevant factors for consideration in deciding this issue, but are not determinative of the issue.
Dill, 545 So.2d at 996. (Emphasis added).
The court's use of the permissive "may" leaves the determination of relevance in the discretion of the trial court.
After reviewing the evidence relating to the AASHTO standards regarding the "clear recovery zone," we find no abuse of the trial court's discretion in its decision to exclude this evidence. The roadway in question was constructed prior to the promulgation of the standards. The record reveals that the concrete post at issue in this case was located at the extreme outer edge of the thirty foot "clear recovery zone." The evidence further reveals that this is where the law requires that utilities, such as the gas pipeline for which the post was installed, be located. Moreover, "recovery zones" are intended to aid those drivers, traveling adjacent to them who slightly veer off the road, to return safely onto their own lane of travel. Miller v. State, Department of Transportation and Development, 95-548 (La.App. 3 Cir. 3/20/96); 679 So.2d 134, 138, writ denied, 96-1674 (La.10/11/96); 680 So.2d 650. The evidence indicates that there was no chance for the truck in this case to return to the roadway, and in fact it came to rest some twenty feet outside the "clear recovery zone." Finally, the obligation to maintain clear recovery zones only applies to those motorists using the adjacent roadway in a reasonably prudent manner. Id.
In the instant case, both the driver of the vehicle and the plaintiff were intoxicated at the time of the accident and perhaps struggling over control of the vehicle at the time of the accident. Under these circumstances, we do not find that the trial court abused its discretion in finding that the AASHTO standards were irrelevant and should be excluded.

EXCLUSION OF PHOTOGRAPHS
Satterly next contends that the trial court erred in excluding twenty-five photographs depicting the concrete posts along Louisiana Highway 105, including the area of the accident scene.
Generally, photographs are admissible when they are shown: (1) to have been accurately taken; (2) to be a correct representation of the subject in controversy; and (3) to shed light upon the matter before the *886 court. State v. Gordon, 582 So.2d 285, 290 (La.App. 1 Cir.1991). The trial court has considerable discretion in the admission of photographs. Its ruling will not be disturbed in the absence of an abuse of that discretion. State v. Gallow, 338 So.2d 920 (La.1976).
In the present case, the trial court expressed concern that the vegetation in the photographs had been cut, some posts that may have fallen down had been propped back up, and flagging material and sticks had been located next to some. Additionally, the court questioned the relevance of some of the photographs because they did not reflect the accident scene, but instead depicted areas near the scene. Finally, the evidence at the hearing on authentication of the photographs raised doubts about whether the photographs accurately depicted the scene.
Under these circumstances, we do not find that the trial court abused its discretion in excluding the twenty-five photographs offered by Satterly.

LIABILITY DETERMINATION OF THE JURY
Satterly contends, by this assignment, that the jury was manifestly erroneous in finding Roland Construction, Bituminous Casualty, and Morgan Goudeau & Associates free from fault in causing his injuries. We disagree.
It is apparent that for the jury to find these defendants liable it was necessary for them to find that Satterly's injuries were caused by the concrete post. The jury heard considerable evidence and expert testimony suggesting that either the post caused the truck to flip causing Satterly's injuries or Satterly himself was thrown into the post. Likewise, the jury heard considerable evidence and expert testimony suggesting that the concrete post was not involved in the accident. While the jury made no specific finding as to the involvement of the post in the accident, it is evident that a finding that the post was not involved would not be manifestly erroneous.
If the jury found that the post was involved, it was still necessary that the defendants be found to be negligent in not removing the post or in seeing that it was properly removed. The record indicates that Roland was not finished with the pipeline removal project at the time of the accident. As such, the jury could have found that Roland was not negligent in failing to remove the post because they were still in the process of completing the job. Likewise, the jury could have absolved Morgan Goudeau & Associates because their supervisory role was still ongoing.
In the alternative, the jury might have found that the posts were where they were required by law to be and had been for fifty years and as such there was no liability attached to their remaining there. Finally, the jury could have concluded that Satterly and Miller were solely responsible for Satterly's injuries due to their intoxicated state and the struggle over control of the vehicle. It appears that any of these or perhaps several other theories could support the jury's determination that the defendants were not at fault.
As we have noted, there were numerous ways based on the evidence for the jury to have concluded that the defendants were free from fault. The fact that there also may be ways to find the defendants at fault does not render the jury's findings manifestly erroneous. To the contrary, where there are two permissible views of the evidence, the jury cannot be manifestly erroneous. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La. 1993). Accordingly we find no manifest error in the jury's findings.

LIABILITY DETERMINATION OF THE TRIAL COURT
By this assignment, Satterly alleges that the trial court erred in finding the Town of Melville and DOTD free from fault in causing the accident. We disagree.
In general, our discussion regarding the liability determinations of the jury are applicable to the determinations of the trial judge. Accordingly, for those reasons, we find no manifest error in the trial court's findings with regard to the Town of Melville.
The issue of DOTD's liability, however, may be predicated on findings unrelated *887 to the other defendants and thus warrants further discussion. Specifically, DOTD has potential exposure related to the drop-off from the edge of the highway. The trial court found that there was no significant drop-off. The evidence indicates that the drop-off was 2.7 inches. The trial court heard contradictory evidence regarding what amount of drop-off constitutes an unreasonable risk of harm. Evidence was also presented relating to the face of the drop-off (beveled or straight) and the risk involved for each. In addition, the court received evidence about how drop-off related accidents occur, and whether Satterly's accident occurred in that fashion.
While we acknowledge Satterly's assertion that the cases are legion where the State has been found liable for drop-offs, etc., it does not follow that the State must be liable in this case. "Whether the roadway and shoulders at the scene of the accident were in an unreasonably dangerous condition will depend upon the particular facts and circumstances of each case." Myers v. State Farm Mutual Automobile Insurance Co., 493 So.2d 1170, 1172 (La.1986). Given the contradictory evidence and the trial court's superior position for making credibility determinations, we find no manifest error in the trial court's judgment.
Our disposition of the foregoing issues renders Satterly's final assignment, alleging error for the failure to award damages, moot.

ANSWERS TO APPEAL
The defendants' requests for damages for frivolous appeal are denied. The defendants' requests for alternative relief are moot. For the same reason, defendants' motions to supplement answers to appeal are also denied.

CONCLUSION
For the foregoing reasons, the judgments of the jury and trial court are affirmed. All costs are taxed to appellant, Michael Satterly.
AFFIRMED.