NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-727

BRENDA MOUTON, ET AL.

VERSUS

JOHN C. LEMAIRE, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 83,344
HONORABLE PATRICK MICHOT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

AFFIRMED.

Susan A. Daigle
J. Daniel Rayburn, Jr.
Daigle, Jamison & Rayburn, L.L.C.
303 W. Vermilion Street, Suite 210
Lafayette, LA 70502-3667
(337) 234-7000
Counsel for Defendants/Appellees:
    Ace American Insurance Company
    John C. Lemaire
    Universal Compression, Inc.

**Jermaine D. Williams**
**Pride J. Doran**
**Quincy L. Cawthorne**
**Williams & Doran, PLLC**
**P. O. Box 2119**
**Opelousas, LA 70571**
**(337) 948-8008**
**Counsel for Plaintiffs/Appellants:**
    **Brenda Mouton**
    **Laura Mouton**

**DECUIR, Judge.**

In this personal injury action, plaintiffs appeal a judgment of the trial court denying their motion for directed verdict on the issue of medical causation as well as the jury's determination that they failed to establish that the accident was the cause of their alleged injuries.

## FACTS

On August 26, 2004, John C. Lemaire rear-ended an Enterprise rental car driven by Laura Mouton in which Brenda Mouton was a passenger. At the time of the low impact collision, Lemaire was in the course and scope of his employment with Universal Compression, Inc.

At the time of the accident, both Laura and Brenda indicated that they were not injured in the accident that they described as a "bump." The Mouton rental vehicle suffered a dented license plate and a black mark on the bumper that was buffed out at no charge.

Laura and Brenda filed this suit alleging back and neck injuries as a result of the accident. Brenda also alleges wrist injuries. Trial was held and, at the close, Laura and Brenda moved for a directed verdict on the issue of medical causation. The trial court denied the motion and the matter was submitted to the jury which found that neither Laura not Brenda had suffered injuries as a result of the accident.

Brenda and Laura lodged this appeal alleging several errors on the part of the trial court and jury.

## ADMISSION OF EVIDENCE

Plaintiffs contend that the trial court erred in excluding the March 14, 2004 deposition of Dr. Joe Morgan and in failing to exclude photographs of the vehicle driven by the plaintiffs at the time of the accident.

At the outset, we note that the trial court's discretion concerning the admission of evidence is vast. *Haynes v. Calcasieu Medical Transp., Inc.*, 97-300 (La.App. 3 Cir. 10/29/97), 702 So.2d 1024, *writs denied*, 98-355 (La. 3/27/98), 716 So.2d 888 and 98-360 (La. 3/27/98), 716 So.2d 889. Moreover, the trial court's decision to admit or exclude evidence will not be reversed on appeal unless it is clearly shown that it has abused that discretion. *Lemoine v. Hessmer Nursing Home*, 94-836 (La.App. 3 Cir. 3/1/95), 651 So.2d 444.

Our review of the record reveals that Dr. Joe Morgan conducted an examination of the plaintiffs on behalf of the defendants. On March 14, 2004, he gave a deposition at which time he was cross-examined by the plaintiffs. On March 20, 2006 the first trial of this matter came up, and after plaintiffs elicited testimony that had previously been ruled inadmissible, a mistrial was declared. As a result of the mistrial, and alleged changes in Brenda's condition, a second examination was conducted by Dr. Morgan. On October 16, 2006, Dr. Morgan gave a second deposition, and plaintiffs had the opportunity to cross-examine Dr. Morgan on any inconsistencies with the March 14, 2004.

The trial court excluded the March 14, 2004 deposition on the grounds that it would be cumulative and confusing to the jury. Plaintiffs contend that the admission of the March 14, 2004, deposition was critical because of inconsistencies with the later deposition. We are not persuaded by this argument. Plaintiffs had an opportunity to cross-examine Dr. Morgan during the second deposition and highlight any alleged inconsistencies. The trial court did not abuse its discretion in excluding the March 14, 2004, deposition.

Plaintiffs next argue that the trial court erred in admitting photographs of the plaintiffs' vehicle. In *Satterly v. Louisiana Indem. Co.,* 97-655 (La.App. 3 Cir. 12/10/97), 704 So.2d 882, 885-886, this court stated:

> Generally, photographs are admissible when they are shown: (1) to have been accurately taken; (2) to be a correct representation of the subject in controversy; and (3) to shed light upon the matter before the court. *State v. Gordon*, 582 So.2d 285, 290 (La.App. 1 Cir. 1991). The trial court has considerable discretion in the admission of photographs. Its ruling will not be disturbed in the absence of an abuse of that discretion. *State v. Gallow*, 338 So.2d 920 (La.1976).

After reviewing the record, we find no abuse of discretion in the trial court's decision to admit the photographs of plaintiffs' vehicle.

## DIRECTED VERDICT

Plaintiffs next contend that the trial court erred in not granting their motion for directed verdict on the issue of medical causation. We disagree.

A motion for directed verdict is appropriately granted in a jury trial when, after considering all evidentiary inferences in the light most favorable to the party opposing the motion, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict. A directed verdict is appropriate only when the evidence overwhelmingly points to one conclusion. *Carter v. Western Kraft Paper Mill*, 94-524 (La.App. 3 Cir. 11/2/94), 649 So.2d 541, (citing *Hastings v. Baton Rouge General Hospital*, 498 So.2d 713 (La.1986)).

Our review of the record reveals evidence from the officer investigating the accident, the plaintiffs, and Lemaire showing that the plaintiffs indicated that they were not injured at the time of the accident. In addition, there was evidence of plaintiffs' preexisting conditions as well as prior accidents. Considering these factors alone, it is clear that the trial court properly denied the motion for directed verdict.

3

## JURY'S FINDINGS AND TRIAL COURT DENIAL OF JNOV

Plaintiffs contend the jury erred in concluding that they were not injured in the accident and the trial court erred in not granting a JNOV. We disagree.

A jury's findings of fact may not be reversed absent manifest error or unless clearly wrong. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). The "reviewing court must do more than simply review the record for some evidence which supports or controverts the [jury's] findings." It must instead review the record in its entirety to determine whether the jury's finding was clearly wrong or manifestly erroneous. *Id*. at 882. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Id.* The reviewing court must always keep in mind that "if the trial court's or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id*. at 882-83.

> A trial court can grant a JNOV only when a jury's verdict is one which reasonable people could not have rendered; if reasonable persons could have arrived at the same verdict given the evidence presented to the jury, then a JNOV is improper. The standard to be applied by the appellate courts in reviewing the grant or the denial of a JNOV is whether the trial court's findings in rendering the JNOV were manifestly erroneous.

*Bertrand v. Air Logistics, Inc.*, 01-1655, p. 13 (La.App. 3 Cir. 6/19/02), 820 So.2d 1228, 1237.

After reviewing the record, we find no manifest error on the part of the jury or trial court. There was sufficient evidence in the record for the jury and trial court to reasonably conclude that the plaintiffs were involved in a low impact collision and that the plaintiffs were not injured as a result of the accident.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants, Laura and Brenda Mouton.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

5