PER CURIAM.
hThe district court ruled all photographs obtained from the defendant’s cell phone, pursuant to a search warrant, were inadmissible. In this court, the state argues the district court erred in excluding four of the photographs.
We find that, of the four photographs the state seeks to introduce, the district court erred in ruling that the photograph identified as “G-l” could not be admitted into evidence. Photograph “G-1,” like the other three photographs the state seeks to introduce into evidence, does not depict the crime scene. Therefore, photograph “G-l” is considered demonstrative evidence. See State v. Duncan, 99-2615 (La.10/16/01), 802 So.2d 533, 555 (“demonstrative evidence, including photographs, may also be offered for its circumstantial value, i.e., as the basis or an inference beyond those facts which are perceivable.”).
Photograph “G-l” depicts a male wearing khaki pants, a dark colored hooded sweatshirt, and a rosary. The inference to be drawn, according to the state, is that this photograph assists in identifying the defendant as the perpetrator. According to the state, several eyewitnesses to the *162 murder and robbery described the male perpetrator wearing the very same items of clothing, and a rosary.
| .This court has long held that “[t]he test of admissibility is whether the probative value of the photographs outweighs the prejudice which may result from their display to the jury.” State v. Gallow, 338 So.2d 920, 923 (La.1976) (citing State v. Smith, 327 So.2d 355 (1976); State v. Beach, 320 So.2d 142 (1975)). The relevance of the identity of the perpetrator cannot be overstated. “In addition to proving the statutory elements of the charged offense at trial, the State is required to prove defendant’s identity as the perpetrator.” State v. Weatherspoon, 06-539, p. 5 (La.App. 5 Cir. 12/12/06), 948 So.2d 215, 220.
In its analysis, the district court did not evaluate the significant probative value of photograph “G-l” which, according to the state, depicts the defendant wearing the same clothing described by eyewitnesses. The district court only conjectured that unfair prejudice may ensue because the man in the photograph “may or may not be” depicting a gang sign with one hand and making a vulgar gesture by having his other hand near or on his groin. However, La. C.E. art. 403 requires balancing the probative value of relevant evidence against the potential for unfair prejudice to the defendant. Therefore, in the metaphorical terms of a balancing scale, the district court placed nothing on the side of the balance dedicated to relevance and, instead, placed only conjecture on the side of the balance dedicated to unfair prejudice. This one-sided evaluation of the evidence was an abuse of discretion.
In our view, we find that the probative value of photograph “G-l” outweighs any potential unfair prejudice. As previously noted, the identity of the perpetrator is a greatly significant, relevant issue for trial. See Weatherspoon, 06-539 at 5, 948 So.2d at 220. In contrast, we find the risk of unfair prejudice to the defendant is low. The district court merely conjectured that the man depicted in the photo was making “gestures that may or may not be some form of gang sign.” Additionally, it should |3be noted that the man in the photo is posing for the photograph in the middle of a city intersection. If the conduct depicted in the photo is innocuous enough to undertake in a public place, then it logically follows that the same conduct does not weigh heavily as being unfairly prejudicial.
Having found an abuse of discretion, we reverse the district court’s ruling that the photographic evidence designated as “G-l” must be excluded due to unfair prejudice. In all other respects, we affirm. This matter is remanded to the district court for further proceedings consistent with this opinion.
WRIT GRANTED IN PART AND REMANDED. STAY LIFTED.
JOHNSON, C.J., would deny.
KNOLL, J., would deny.