STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT


DOCKET NUMBER
2023 KA 1299


STATE OF LOUISIANA

VERSUS

CHARLES MICHAEL FOLSE, II


Judgment Rendered: ___SEP 2 0 2024___


* * * * *


ON APPEAL FROM THE
TWENTY-SECOND JUDICIAL DISTRICT COURT, DIVISION E
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 3182-F-2019

HONORABLE WILLIAM H. BURRIS, JUDGE PRESIDING


* * * * *

Gwendolyn K. Brown
Louisiana Appellate Project
Baton Rouge, Louisiana

Attorneys for Defendant-Appellant
Charles Michael Folse, II


Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Attorneys for Appellee
State of Louisiana

**BEFORE: WOLFE, MILLER, AND GREENE, JJ.**

**GREENE, J.**

The defendant, Charles Michael Folse, II, was charged by grand jury indictment with three counts of aggravated/first degree rape of a victim under the age of thirteen years (counts one, three, and five), violations of La. R.S. 14:42(A)(4); five counts of molestation of a juvenile under the age of thirteen years when the incidents of molestation recur during a period of more than one year (counts two, four, six, eight, and nine), violations of La. R.S. 14:81.2(A)(1), (C)(1), and (D)(1); one count of molestation of a juvenile when the incidents of molestation recur during a period of more than one year (count ten), a violation of La. R.S. 14:81.2(A)(1), (B)(2), and (C)(1); and one count of sexual battery of a victim under the age of thirteen years (count seven), a violation of La. R.S. 14:43.1(A)(1) and (C)(2).[1] He pled not guilty and, following a jury trial, was found guilty as charged on each count.[2]

The trial court then sentenced the defendant as follows: on each of counts one, three, and five (aggravated/first degree rape of a victim under the age of thirteen years), to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence; on each of counts two and four (molestation of a juvenile under the age of thirteen years when the incidents of molestation recur during a period of more than one year), to ninety-nine years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence; on each of counts six, seven, eight, and nine (molestation of a juvenile under the age of thirteen years when the incidents of molestation recur during a period of more than one year and sexual battery), to ninety-nine years imprisonment without benefit of parole, probation, or suspension of sentence; and on count ten (molestation of a juvenile when the incidents of molestation recur during

---

[1] Regarding counts one, three, and five, the Louisiana Legislature renamed the offense of aggravated rape to "first degree rape" without any material alteration of the substance of the crime. See La. R.S. 14:42(E); 2015 La. Acts Nos. 184, § 1 & 256, § 1. As the offenses herein occurred both before and after the amendment, we shall reference those offenses as aggravated/first degree rape.

[2] As to count ten, we note the minutes incorrectly state the charge to which the defendant pled not guilty and with which he was convicted. However, the transcript reflects the correct charge. When there is a discrepancy between the minutes and the transcript, the transcript prevails. **State v. Lynch**, 441 So.2d 732, 734 (La. 1983). This issue will be discussed below in the patent error section.

a period of more than one year), to forty years imprisonment without benefit of parole, probation, or suspension of sentence, with each sentence to be served consecutively.[3]

The defendant now appeals, assigning error to the State's closing argument and the trial court's denial of his motion for mistrial. For the following reasons, we affirm the defendant's convictions. We affirm the sentences on counts one, two, three, four, and five. We affirm the sentence on count ten and remand with instructions for correction of minutes. We amend the sentences on counts six, seven, eight, and nine, and affirm as amended.

## FACTS

The defendant and B.F. married in 2007 and had a daughter, M.F.[4] B.F. also had a daughter, J.J., from a previous relationship, as well as temporary custody over her nieces, M.J. and S.J. In June of 2019, M.J. told her parents she had been sexually abused by the defendant since she was seven years old. M.F., S.J., and L.W. (M.J. and S.J.'s younger sister) also stated they had been sexually abused by the defendant between the ages of four and seven years old. Later, J.J. disclosed the defendant sexually abused her from the time he and her mother were married.

Following the girls' interviews at the Children's Advocacy Center (CAC), officers learned sex toys were used on the children. While executing a search warrant at the defendant's residence, officers confiscated several items matching the girls' descriptions. DNA testing on the items revealed M.F. could not be excluded as a major contributor to the DNA profile, and all males within the defendant's biological paternal lineage could not be excluded as a major contributor to the DNA profile. The defendant was arrested and ultimately charged with the instant offenses.

## IMPROPER CLOSING ARGUMENT

In his first assignment of error, the defendant argues the trial court erroneously overruled his objections during the State's closing argument, which he contends

---

[3] Although the minutes indicate the sentences on counts six, seven, eight, and nine were imposed at hard labor, the sentencing transcript reveals the trial court did not order, as statutorily required, those sentences to be served at hard labor. When there is a discrepancy between the minutes and the transcript, the transcript prevails. **Lynch**, 441 So.2d at 734. This issue will be discussed below in the patent error section.

[4] Because these charges involve sex offenses, we reference the victims and their immediate family members by their initials. See La. R.S. 46:1844(W).

improperly vouched for the victims' credibility. In his second assignment of error, he contends the trial court erroneously denied his motion for mistrial after the State improperly referenced the defendant's failure to testify in its closing argument. Therefore, as both assignments of error relate to the State's closing arguments, we will address them together.

Closing statement arguments shall be confined to the evidence admitted, to the lack of evidence, to conclusions of fact the State or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. The State's rebuttal shall be confined to answering the argument of the defendant. La. Code Crim. P. art. 774. Although prosecutors are allowed wide latitude in choosing closing argument tactics, they should not misstate the evidence. **State v. Draughn**, 2005-1825 (La. 1/17/07), 950 So.2d 583, 614, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). The trial judge has broad discretion in controlling the scope of closing arguments, and this court will not reverse a conviction on the basis of improper closing argument unless thoroughly convinced the remarks influenced the jury and contributed to the verdict. **State v. Collins**, 2021-1048 (La. App. 1st Cir. 2/25/22), 2022 WL 575319, *6 (unpublished), writ denied, 2022-00519 (La. 5/24/22), 338 So.3d 1193.

**Victims' Credibility**

During its closing remarks, the State discussed the evidence presented at trial; namely, the victims' testimony and CAC interviews. The State recounted a statement in both M.F.'s and M.J.'s interviews, in which they each stated the defendant told them they would not be believed if they reported the sexual abuse. The State then made the following comments:

> Are they to be believed? Are they credible? Are they consistent? [M.F.], [M.J.], [J.J.], [S.J.], [L.W.], y'all are believed.

Defense counsel immediately objected, arguing the State vouched for the credibility of its witnesses. The State denied doing so and noted it told the jury multiple times it was their duty to assess the credibility of the witnesses. The trial court overruled the objection and stated the closing instructions, which would later be recited to the jury,

4

specified that closing statements are argument by counsel, not evidence. The court believed this "should clear up anything."

It is reversible error for the State to express its belief in the guilt of the accused, or the credibility of a key witness, where doing so implies it has additional knowledge or information about the case which has not been disclosed to the jury. **State v. Smith**, 554 So.2d 676, 681 (La. 1989), overruled on other grounds. However, commenting on the credibility of witnesses is proper and within the scope of closing argument, where the credibility of the witness is in question and the facts bearing on the witness's credibility appear in the record. **State v. Sayles**, 395 So.2d 695, 697 (La. 1981); **State v. Deckelman**, 2011-0296 (La. App. 1st Cir. 9/14/11), 2011 WL 4436529, *10 (unpublished), writ denied, 2011-2601 (La. 4/9/12), 85 So.3d 693.

In the instant case, the credibility of the witnesses in this case was an important issue, as the facts bearing on the witnesses' credibility were explored at length during trial. The State's arguments properly focused on those facts and were not an appeal to prejudice or otherwise improper. See **Deckelman**, 2011 WL 4436529 at *10. Accordingly, the trial court correctly overruled the defendant's objection to the State's remarks regarding the victims' credibility, and the defendant's first assignment of error is without merit.

**Reference to Defendant's Failure to Testify**

Upon motion of a defendant, a mistrial shall be ordered when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Louisiana Code of Criminal Procedure articles 770 or 771. La. Code Crim. P. art. 775. Under Article 770(3), a mistrial is mandatory upon the defendant's motion if the district attorney makes a direct or indirect reference to the defendant's failure to testify within the hearing of the jury, during trial or in argument. Where the reference is indirect, the reviewing court must inquire into the remark's intended effect on the jury to distinguish indirect references to the defendant's failure to testify, which are impermissible, from general statements that the State's case is unrebutted, which are permissible. **State v. Johnson**, 541 So.2d 818, 822 (La. 1989); see also **State v.**

5

**Rodriguez**, 2001-2182 (La. App. 1st Cir. 6/21/02), 822 So.2d 121, 131, <u>writ denied</u>, 2002-2049 (La. 2/14/03), 836 So.2d 131.

Herein, defense counsel's closing argument focused on the inconsistencies in the victims' stories. Additionally, defense counsel stated the DNA expert who analyzed the sex toys could not explain to the jury where the DNA came from or how the DNA ended up on the items, suggesting the children discovered them and used them alone. During its rebuttal, the State argued the following:

> [Defense counsel] is right. The expert can't tell you where that DNA is coming from. How it got on [the objects]. They can tell you who it belongs to. They can't tell you how it got on there. . . .
>
> Who told you where that DNA came from? [M.F.] She took the stand. She was in those [CAC] videos. Who told, who took this stand? Who sat in the chair, looked you dead in the eye, and said that DNA came from any other place, under any other circumstance, other than the defendant taking those [objects] and sticking them in his . . . daughter's vagina and anus? Nobody. There's nothing to refute what [M.F.] told you.

Defense counsel objected and moved for a mistrial, arguing the State improperly shifted the burden to the defendant. In response, the State argued it simply noted the lack of evidence to refute the allegations against the defendant. The trial court overruled the objection and denied the motion for mistrial.

In order to mandate a mistrial under Article 770(3), the State's indirect reference must be intended to draw the jury's attention to the defendant's failure to testify or present evidence in his behalf. **State v. Smith**, 433 So.2d 688, 697 (La. 1983); **State v. Eames**, 97-767 (La. App. 1st Cir. 5/15/98), 714 So.2d 210, 216-17, <u>writ denied</u>, 98-1640 (La. 11/6/98), 726 So.2d 922. Where the State simply emphasized the State's evidence was unrebutted, and there were witnesses *other than the defendant* who could have testified on behalf of the defense but did not do so, the State's argument does not constitute an indirect reference to the defendant's failure to take the stand. **Johnson**, 541 So.2d at 822. On the other hand, where the defendant is the only witness who could have rebutted the State's evidence, a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify and mandates a mistrial. **Id.**

6

In **Johnson**, three State witnesses testified the defendant confessed to them. **Id.** at 823. In its closing argument, the State argued the evidence of the defendant's confession had not been contradicted by anyone. **Id.** at 822. The defendant moved for a mistrial, arguing the State's comment was an improper reference to his failure to take the stand. Because there were no other individuals present during the confessions, the only person who could have contradicted the witnesses' testimony was the defendant himself. Thus, the Louisiana Supreme Court held the State's remark was an indirect reference to the defendant's failure to testify, in violation of Article 770(3). **Id.** at 823.

This court also found the State's comment on a victim's uncontroverted testimony constituted an indirect reference to the defendant's failure to testify at trial. See **State v. Moser**, 588 So.2d 1243, 1247-48 (La. App. 1st Cir. 1991), writ denied, 594 So.2d 1314 (La. 1992). Therein, the victim testified the defendants raped her with their penises; however, the defense argued the victim was instead raped with a beer bottle. During the commission of the offense, the only individuals present were the victim and the defendants. Because the defendants were the only people who could have testified and contradicted the victim's testimony regarding penile penetration, the State's remark was an impermissible reference to the defendants' failure to take the stand. **Id.**

Similarly, where the State argued a victim's testimony was uncontradicted and then stated no one had taken the stand to say her testimony was untrue, such remarks were an indirect reference to the defendant's failure to testify. See **State v. Lamark**, 584 So.2d 686, 698-99 (La. App. 1st Cir.), writ denied, 586 So.2d 566 (La. 1991). In **Lamark**, the victim testified she was raped by the defendant, and they were the only people present at the time of the offense. The defense argued the defendant's conduct was with the victim's consent. Because there were no other witnesses to the offense, this court found the State's comments necessarily referred to the defendant's failure to testify and contradict the victim's testimony. **Id.**

Based on our review of the record and the relevant jurisprudence, we find the trial court erred in denying the defendant's motion for mistrial, as the State's comments herein are similar to those at issue in **Johnson, Moser,** and **Lamark.** In the instant case, the challenged statements focused on the absence of testimony or evidence rebutting M.F.'s

7

testimony that the defendant used sex toys on her, as well as the DNA evidence found on the sex toys. M.F. testified at trial and in her CAC statement that she and the defendant were the only people present during the times the defendant used the sex toys on her.[5] As the defendant claimed he was innocent, M.F.'s testimony directly contradicted this defense.

The State on appeal argues the remarks were intended to ask the jury to consider the absence of evidence of (1) other ways the DNA could have gotten on the sex toys, and (2) other males in the defendant's family who could have been the source of the DNA. As the Louisiana Supreme Court stated in **Johnson**, determining the intent of the State's reference to the unrebutted nature of their case does not mean inquiring into the State's mind at the time the statement was made. Rather, the reviewing court should look to whether there were witnesses other than the defendant who could have testified on behalf of the defense but did not do so, or whether the defendant was the only witness who could have rebutted the State's evidence. See **Johnson**, 541 So.2d at 822.

Because there were no other individuals present during these acts involving the sex toys, the defendant is the only person who could have taken the stand and contradicted M.F.'s testimony. See **Johnson**, 541 So.2d at 823; **Moser**, 588 So.2d at 1247-48; **Lamark**, 584 So.2d at 698; and cf. **State v. Robinson**, 563 So.2d 477, 484-85 (La. App. 1st Cir.), writ denied, 567 So.2d 1122 (La. 1990). While the DNA expert determined M.F.'s DNA was present, she could not explain where the DNA came from or how it got on the sex toys. She further determined the DNA of someone within the defendant's biological paternal lineage was present, and the defendant could not be excluded from that group. However, she could not affirmatively include or exclude the defendant's DNA on the sex toys. The DNA expert was not a witness to the acts and, therefore, could not refute M.F.'s testimony that the defendant was the person who used the sex toys on her.

Accordingly, there were no witnesses other than the defendant who could have contradicted M.F.'s testimony. Cf. **Smith**, 433 So.2d at 697; **State v. Woodfork**, 2007-

---

[5] While both L.W. and M.F. testified they were abused together while in the same room, neither of them testified such incidents included the use of sex toys.

8

1396 (La. App. 4th Cir. 3/19/08), 981 So.2d 717, 720; **State v. Spooner**, 550 So.2d 1289, 1297-98 (La. App. 1st Cir. 1989), writ denied, 566 So.2d 394 (La. 1990). The State's theory of the case posits that only M.F. and the defendant had knowledge of whether or not the defendant used the sex toys on M.F. The State indirectly referred to the defendant's failure to testify in violation of Article 770(3) by emphasizing M.F.'s testimony as unrebutted and stating no one else took the stand to contradict her testimony. See **Johnson**, 541 So.2d at 823; **Moser**, 588 So.2d at 1247-48; **Lamark**, 584 So.2d at 698. Therefore, the trial court erred in denying the defendant's motion for mistrial.

Although Article 770 is couched in mandatory terms, it is a "rule for trial procedure." **State v. Johnson**, 94-1379 (La. 11/27/95), 664 So.2d 94, 101. Comment on the defendant's failure to take the stand at trial is a trial error subject to a harmless error analysis. See **State v. Thomas**, 2005-2373 (La. 4/17/06), 926 So.2d 490, 491 (per curiam). Under the harmless error test, the question is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." **Chapman v. California**, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The inquiry "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." **Sullivan v. Louisiana**, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). In the instant case, the issue is whether the guilty verdicts actually rendered in *this* trial were surely unattributable to the State's indirect reference to the defendant's failure to testify. **Rodriguez**, 822 So.2d at 133.

Herein, we find the trial court's error in denying the motion for mistrial was harmless. In the beginning of the State's closing remarks (prior to defense counsel's closing argument and the State's rebuttal argument where the comments complained of were made), the State discussed the DNA evidence and noted it had not seen any evidence to the contrary. Defense counsel did not object. (R. 974-75). Thus, the State had already referenced the defense's failure to present any testimony or evidence to contradict the DNA evidence. Moreover, the State presented substantial evidence of the

9

defendant's guilt at trial. Considering the victims' testimony and CAC interviews, which detailed the chronic sexual abuse the victims endured, we conclude the jury's verdicts were surely unattributable to the trial court's error. Accordingly, the defendant's second assignment of error is without merit.

## **PATENT ERROR**

Pursuant to La. Code Crim P. art. 920(2), this court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. **State v. Anthony**, 2023-0117 (La. App. 1st Cir. 11/3/23), 378 So.3d 766, 775, writ denied, 2024-00027 (La. 5/21/24), 385 So.3d 242. After a careful review of the record, we have found three patent errors.

As previously noted, the trial court did not order the sentences on counts six, seven, eight, and nine to be served at hard labor. On each of these counts, the defendant was subject to imprisonment at hard labor only. See La. R.S. 14:42(D)(1) and 14:43.1(C)(2). Thus, the sentences imposed on these counts are illegally lenient. An appellate court can consider and correct an illegal sentence on review. La. Code Crim. P. arts. 882(A) and 920(2). Because the trial court had no discretion as to whether or not the sentences were to be served at hard labor, this court is authorized to correct the sentences by amendment. See La. Code Crim. P. art. 882(A); **State v. Burns**, 53,250 (La. App. 2d Cir. 1/15/20), 290 So.3d 721, 726-27; **State v. Corbitt**, 2004-2663 (La. App. 1st Cir. 6/10/05), 917 So.2d 29, 33, writ denied, 2005-1656 (La. 2/3/06), 922 So.2d 1174. Accordingly, we correct the sentences on counts six, seven, eight, and nine by ordering they be served at hard labor.

Additionally, on count ten, the minutes incorrectly state the defendant was charged with and convicted of molestation of a juvenile under the age of thirteen years when the incidents of molestation recur during a period of more than one year.[6] Specifically, the sentencing minutes reflect this incorrect offense. However, the sentencing transcript reflects the correct offense of molestation of a juvenile when the incidents of molestation recur during a period of more than one year. Where there is a discrepancy between a

---

[6] We note the minute entry detailing the jury's verdicts lists the correct offense.

10

minute entry and the transcript, the transcript prevails. **Lynch**, 441 So.2d at 734. Because this error has the potential to cause prejudice to the defendant, we remand and instruct the trial court to amend the minute entries to accurately reflect the defendant's conviction on count ten. See **State v. Grayer**, 2018-1346 (La. App. 1st Cir. 6/3/19), 2019 WL 2352298, *3 (unpublished).

Finally, after the trial court imposed the sentences herein, it failed to advise the defendant of the applicable time period to file an application for post-conviction relief. (R. 58-59, 1076-79). At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for applying for post-conviction relief. **State v. LeBoeuf**, 2006-0153 (La. App. 1st Cir. 9/15/06), 943 So.2d 1134, 1142, writ denied, 2006-2621 (La. 8/15/07), 961 So.2d 1158. Its failure to do so, however, has no bearing on the sentence and is not grounds to reverse the sentence or remand for resentencing. Further, the Article does not provide a remedy for an individual defendant who is not told of the limitations period. **Id.** at 1142-43.

Out of an abundance of caution and in the interest of judicial economy, we advise the defendant that La. Code Crim. P. art. 930.8 generally provides that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. Code Crim. P. arts. 914 or 922. **Id.** at 1143.

For the above reasons, we affirm the convictions. We affirm the sentences on counts one, two, three, four, and five. We affirm the sentence on count ten and remand with instructions to amend the minute entries. We amend the sentences on counts six, seven, eight, and nine, and affirm as amended.

## DECREE

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED ON COUNTS ONE, TWO, THREE, FOUR, AND FIVE; SENTENCE AFFIRMED ON COUNT TEN AND REMANDED FOR CORRECTION OF MINUTES; SENTENCES AMENDED ON COUNTS SIX, SEVEN, EIGHT, AND NINE AND AFFIRMED AS AMENDED.**

11